WHEELER, J.
It is insisted that the court erred, 1st, in not dismissing the case for the want of jurisdiction ; 2d, in excluding the testimony of the witness Wilson; and, 3d, in refusing a new trial.
*140 1. The first objection to tlie judgment here taken cannot he maintained. The 11th section of the act of 1840, (Hart. Dig., p. 243,) in force when'this suit was brought, contemplates tlie bringing of a suit against a non-resident defendant in a case, like the present. And although that section’was subsequently repealed, the 13th section of the act of 1S48 (which contains tlie repealing clause) is a substantive re-enactment of the 11th section of the former act, under which this suit was brought. (Hart. Dig., p. 269.) Tlie statute appears to have been strictly complied with, and the action was rightly maintained.
This ease does not come within the principle of tlie decision of this court in the case of Ward v. Lathrop, decided at the December Term, 1849. In that case neither plaintiff nor defendant was a resident of this State; nor did it appear that there was any property of tlie defendant within its limits. There was neither person nor property subject to the jurisdiction of tlie court. Here it is otherwise. The plaintiff is a resident of the State, and is entitled to the process of the court to protect and enforce his legal rights against a non-resident whose person or property he may And subject to that process. lie may sue the non-resident as a “ transient person,” under tlie provision of the 1st section of tlie act of 1S46, (Hart. Dig., p. 241,) if found temporarily sojourning here; and if not to be so found, the object of the statute under which this suit was brought doubtless was to enable him to sue and obtain service by publication. The non-residence of the defendant constitutes no objection to the jurisdiction, however the judgment might be regarded if sought tobe enforced in a foreign State. (Story on Con. Laws, sees. 539, 540, 548', 549, and notes; 9 Mass. II., 466.)
2. The second ground of error relied on requires a revision of the ruling of the court in excluding the testimony of tlie witness Wilson. Tlie object of this testimony was to show that the bringing of tlie suit liad been induced by a third party, Spellings, under a contract illegal and void for champerty.
That the testimony offered did go to prove such a contract as known to the common law between the plaintiff and Spellings is unquestionable. (4 Bl. Comm., 135; 1 Inst., 368.) But it may well be questioned whether a contract between the plaintiff and the third party, though void for champerty, can constitute a defense to tlie action, as between tlie plaintiff and defendant, in a suit upon a contract or title not connected with the illegal transaction. True, tlie contract between the plaintiff and Spellings was illegal and therefore void, and a court of justice will not lend its aid to enforce it. It is, it has been said, a first principle, not to be touched, that a contract in order to be binding must be legal. (2 Cain’s R., 149.) But does it follow that because the plaintiff lias made an illegal contract, not now sought to be enforced, he shall not therefore be permitted to enforce one which is legal? There is a dicium of an eminent judge to that effect in the case of Hunt v. Hale, reported in 8 Yerger, p. 142. That was a proceeding in chancery, to enjoin a judgment recovered at law. One of the grounds relied on to obtain injunction was that there was champerty in prosecuting tlie suit at law; and Catron, CIi. J., is reported to have said, “If there was champerty in prosecuting the suit at law, application ought to have been made to that court, the fact ascertained, and the suit dismissed.”
If the fact of champerty could thus operate to defeat the suit, it must be, it would seem, upon the ground that the suit was prosecuted for the benefit of the chanipertor. But this reason is not satisfactory, for when the judgment shall have been recovered it does not become legally subject to his control.
In Kentucky, however, it is held that although a conveyance of land in the adverse possession of a stranger to the contract, and not made bonajide, is void under the champerty act, yet there can be no recovery of the land upon tlia^ title of the vendor, where it appears to. the satisfaction of the jury that the action is for the benefit of tlie champertous purchaser; but if the action is prosecuted for the benefit of the vendor, he may recover; and whether it was so brought is a question for the jnry. (7 Da. R., 30; 9 Id., 385; B. Monr. R., 159.) This doctrine is probably tlie consequence of local legislation. A different doctrine is maintained elsewhere.
In Massachusetts it is held that a conveyance by a disseizee is unlawful *141 and void, but the title remains in the grantor; and in an action brought by him to recover tlie possession from the disseizor, the latter cannot plead that the plaintiff, after the conveyance, made such an unlawful contract, and that the action is brought at tlie expense and for the use of the grantee in pursuance of an unlawful agreement between him and the grantor. The champertous conveyance is held to be void by the common law, there being no statute upon the subject in that State; but the title remains in the. grantor, and he may recover upon ft. (5 Pick. B., 3-18.) In England this doctrine is said never to have been questioned. (Id. 53S.) It is a well settled doctrine in New York, (5 Johns. B., 500.,) and probably in most of tlie other States. (4 Kent. Comm., 5th edit., 446-450, and notes.)
In the case of Burnley v. Whiting (5 Pick., 348) tlie defendant pleaded that the suit was brought at the instigation of the grantee in the champertous contract at his expense, and with a view to carry into effect the unlawful bargain. But the court held the plea bad and the defense inadmissible. "‘To establish such a defense ” (it ivas said) “ would be in fact to transfer the title of the land from the defendant to the tenant by way of punishment for the attempt to convey it unlawfully.” “ To say that the person in possession should hold the land against the claim of the owner, because he had committed an offense, would be to impose a punishment not provided by the statute of Henry nor lcnowm to the common law.” (Id., 355, 35G.) The court quote and adopt the language of Chief Justice Parsons, who on a previous occasion said : “The parties may be punished for the offense, and the conveyance is void; but there is not a scintilla of law that a man having a right to recover is barred by the execution of a deed purporting to be a conveyance, but by which his right did not pass unless by way of estoppel as between tlie parties to the deed.”
The reasons upon which this decision is founded are equally applicable to the present case. There is no difference in principle between the cases. Tlie champertous agreement did not transfer from tlie plaintiff to Spellings his right to his demand against the defendant. It could not operate to divest the right of the plaintiff, or to transfer it to the defendant. Spellings could exercise no control over tlie judgment when recovered. He could not enforce his contract with the plaintiff. That contract was by the common law void, and the parties may be liable to punishment for the offense. But it is not easy to perceive upon what principle it can be held that the making of an illegal contract can vitiate a contract which is legal, or that tlie commission of an indictable offense can deprive the party of a right to maintain a civil action upon a valid contract made anterior to the reprobated act and independent of it. Champerty is denounced by the common law as an indictable offense, and those who are guilty of it arc characterized by Blackstone (4 Bl. Comm., 135) as “ pests of civil society that are perpetually endeavoring to disturb tlie repose of their neighbors, and officiously, interfering in other men’s quarrels.” But however it may he reprobated by the law as an odious offense against the peace and harmony of society, it may well he questioned whether it can be interposed to defeat a recovery in a case like the preseut. We incline to the opinion that it cannot be so interposed. The question, however, considered in reference to the authorities, cannot, perhaps, be said to be wholly free from doubt; and as it was intimated at the bar that it will not probably in any event again arise for decision in this case, we may forbear for the present its decision. We have intimated our opinion for tlie benefit of the parties in the ubvent that, it should become a question material to be decided in the future conduct of the cause.
It is deemed proper here to remark further that in considering this question, and for the purposes of this case, we have assumed that the common law in respect to champerty is in full force in this country. But we do not intend to he understood as having adjudged that question. How far tlie rigor of the ancient law respecting the sale of pretended titles may have been re *142 laxed, and how far the ancient policy of the law which denies the assignability of a right of entry, for the reason, as stated by Lord Coke, that “under color thereof pretended titles might he granted to great men, whereby right might be trodden down and the weak oppressed,” may have been founded oil a stale of societ3 which does not exist in this country are questions which may be reserved for future inquiry should such inquiry become necessary.
But whatever may have been the effect of the proposed evidence, if properly interposed as a defense to the suit, to have rendered it admissible it must have been pleaded. There was no plea or averment in the answer setting up that defense, and the evidence was inadmissible for that reason. No principle is better settled in our practice than that to render a defense availing it must be pleaded. A defendant caunot tints surprise his adversary by the introduction of evidence upon the trial to establish a defense of which he has not given notice b3 his pleading. The court did not err in excluding the evidence from the jury. But—
3. There was’error in overruling the motion for a new trial.
In so far as the evidence went to prove any contract, of hiring, it was a hiring by the year. The, plaintiff’s wages became due annually, and consequently his cause of. action for each year’s services accrued at the Close of the year. It is manifest, therefore, that at the commencement of this suit his demand, except for the years ending within two'years next before the bringing of the suit, was barred by the statute of limitations. But the evidence before the jury related to services rendered during several years before that time, and the jury were permitted to entertain and include in their verdict as well that portion of the plaintiff’s demand which was barred by the statute as that which was not within the statutory bar. The verdict, therefore, was against law and ought to have been set aside and a new trial awarded.
The judgment must be reversed and the cause remanded for further proceedings.
Judgment reversed.