## S. F. BUTTERWORTH V. H. M. KINSEY, ADM'R.

Where the plaintiff is a resident of this State, it is not essential to the jurisdiction of the Court, in an action *in personam*, that the defendant should reside or have property in this State, nor, it seems, that the cause of action should have arisen therein.

Where the holder of a promissory note put it in the hands of a collecting agent, who put it in the hands of an attorney, upon agreement that said attorney should retain twenty-five per cent. of the amount collected, and the money being collected, the client represented to the attorney that he had merely delivered the note to the collecting agent to be placed, without charge, in the hands of an attorney, and the attorney thereupon paid over the proceeds, reserving his own fee, and taking from the client a stipulation in writing, that if, at any future time, it should appear that he had agreed to allow the collecting agent, for the collection of said note, more than twenty-five per cent., he would immediately pay over to the attorney such excess ; and it was in proof that the client had agreed to pay the collecting agent the amount usually charged by other responsible gentlemen, for making similar collections, and that such amount was fifty per cent. of the amount collected ; it was held, that the collecting agent was entitled to recover of the client, and that the stipulation given to the attorney by the client, took the case out of the Statute of limitations of two years, applicable to open accounts.

But it is insisted that the petition does not aver performance by the plaintiff, of his contract, or undertaking ; and there would be force in the objection, if the averments of the petition did not show that which is equivalent to performance. It appears that what had been done, was freely accepted as performance.

Error from San Augustine. Suit by the defendant in error, administrator of William W. Watts, against the plaintiff in error, commenced 22d July, 1852, to recover for services rendered the defendant, by the plaintiff's intestate, in the collection of a promissory note. The plaintiff resided in the county of San Augustine, and the defendant in the State of New York. An attachment and garnishment were obtained, but were afterwards quashed. Service by publication.

The facts were that the defendant, on the 10th of July, 1844, being then a resident of Mississippi, put into the hands of the plaintiff's intestate, who was a travelling agent for the collec-

tion of debts, the promissory note of John H. Cole, who re-
sided in Bowie county, Texas.   The note was dated April 9th,
1838, for $3104, at ninety days.   The plaintiff's intestate put
the claim into the hands of J. P. Henderson, upon a special
agreement to pay him twenty-five per cent. of the amount col-
lected.   Henderson recovered judgment against Cole, and in
1847, Cole settled the matter with Henderson, by paying about
$1000 in cash, and giving approved paper for the balance.   In
1849, Butterworth came to Texas, and called on Henderson
and demanded the proceeds of the settlement.   In the mean
time Watts had died.   Butterworth represented to Henderson
that he had merely handed the claim to Watts, to be by him,
without charge, handed to an attorney for collection.   Accord-
ingly Henderson delivered to Butterworth the proceeds of the
settlement with Cole, less twenty-five per cent. thereof, which
he retained as his fee.   At the same time Henderson took from
Butterworth a stipulation in writing, as follows : Received,
April 10, 1849, from J. Pinckney Henderson, Esq., in settle-
ment of J. H. Cole's note left by W. W. Watts with him for
collection, &c., (describing the proceeds received, and then
continued,) As the note of Cole was deposited by Col. Watts,
I hereby agree, that if, at any future time, it shall appear that
I agreed to allow Col. Watts for the collection thereof more
than one-fourth of the amount collected (which one-fourth is
now retained by General Henderson,) I will immediately pay
over to General Henderson such surplus, whatever it may be.
Signed by Butterworth.

Henderson delivered said stipulation to the administrator of
Watts, and received from him his own receipt which he had
given Watts.   When Henderson settled with Butterworth, he
took up Watt's receipt for the claim, which he also delivered
to Watt's administrator.

There was evidence to the effect that the claim against Cole
belonged to the class of what were called "old debts;" that
there was a great prejudice against them; that it was disa-
greeable and unpopular, and by some considered dangerous, to

be concerned in the collection of them; that the negroes, (20 or 30) which Cole brought with him from Mississippi, were claimed by his wife; and that the usual fee in such cases ranged from twenty-five to fifty per cent. One witness testified that he was well acquainted with all the circumstances of the case, and that fifty per cent. would have been a reasonable fee for collecting Cole's note.

It did not appear where the note of Cole was delivered to Watts by Butterworth, but the fair presumption from the testimony would have been, that it was so delivered in Mississippi.

The defendants objected to the jurisdiction of the District Court; demurred to the petition, on the ground that it did not allege performance; denied all and singular, &c.; pleaded the Statute of limitations; objected to the introduction, in evidence, of the stipulation by Butterworth to Henderson, on the ground that Watts could not claim to recover thereon, being neither party nor privy thereto; and took several exceptions to testimony, which, not being noticed in the Opinion, are not now material. Verdict and judgment for the plaintiff for $1419. Motion for new trial overruled.

*Clark & Walker*, for plaintiff in error. Whatever effect acceptance of the notes from Henderson might have, as relieving Watts from any damages that might be claimed of him by defendant, for mismanagement, and loss, &c., it surely cannot be made the ground of asserting a claim to the full benefit of the contract set up, of one-half for collecting the other half of the note.

The cause of action, if any ever accrued, arose on the settlement by Henderson with Cole; if correct, in this, the Court erred in the charge given, and in the refusal to give ours, which deprived us of a conclusive legal defence to the action.

Further, the subsequent writing, given on settlement between Henderson and defendant, very clearly was no acknowledg-

ment of the justice of the claim, but a dispute thereof, therefore it could not revive the claim if before barred.

*F. B. Sexton*, also, for plaintiff in error. It is quite too clear for argument, that the jurisdiction of all Courts is confined to the territorial limits of the country within which they are situate. " Jurisdiction is founded upon the person or thing being within the territory." (Story's Conflict of Laws.) The petition affirmatively shows the defendant to be a non-resident, and fails to aver that he has any property, credits or effects within the State of Texas or county of San Augustine, where the suit is instituted. There is certainly nowhere in our Statutes any provision authorizing suits to be instituted against non-residents, unless they have in the State that other indispensable element of jurisdiction, property or effects. Besides the authorities in Story, the Court is again referred to its own Opinion in Tulane v. McKee (10 Tex. R. 335,) which we think decisive of this case.

The right of action of Watts, if any, accrued from the time of the settlement with Henderson. The Court below so charged. The right of action also must have arisen on the payment of the money and delivery of the notes, &c., and therefore one which would be barred in two years. Now how the receipt given by Butterworth to Henderson could be construed to operate in favor of Watts, we are unable to conceive. The promise to pay, which is conditional, is made specially to " General Henderson," and is founded upon the hypothesis that he must have something to pay to Watts or his representatives. It is not obligatory, and can have no existence, until Henderson is first made liable to Watts, which fact being ascertained, and the amount of his liability, then Butterworth agrees to pay back to Gen. Henderson whatever amount, &c. &c. As between Henderson and Butterworth the receipt alluded to is a " contract in writing," and to which the four years bar will only apply, and in reference to which the Statute will not commence to run until the maturity of Henderson's liability to Watts.

*O. M. Roberts,* for defendant in error. We rely only on the case of McMullen v. Guest (6 Tex. R. 275,) which establishes that a resident plaintiff is entitled to the process, by publication, against a non-resident defendant, to enforce his rights, so far as he may, in this State, whether defendant have any property then in the State or not.

The grant of administration to Kinsey raises a *prima facie* presumption that Watts died in the State, or that he had effects here ; in either event Kinsey would come under the denomination of a resident plaintiff.

But there is another ground which defeats this position—the cause of action accrued in this State. The original contract was intended to be and was performed in this State, and the obligation upon which the suit is brought, founded on the original consideration, was executed here ; all which appears in the petition.

This transaction, (settlement of Butterworth with Henderson,) effected at the urgent solicitation and upon the false representations of Butterworth, excused Watts from the further performance of the collection, and thereby completed his part of the contract originally entered into ; and then and upon such accepted performance, the obligation of Butterworth arose to pay Watts or his estate ; and Henderson put that obligation in writing, which is sued on.

Suit brought three years afterwards, to wit : 22d July, 1852. Even if the consideration was barred, it would support this promise. (Womack v. Womack, 8 Tex. R. 397.)

The next objection to be considered is, that Kinsey as administrator of Watts, cannot bring suit on this instrument given to Henderson. This raises two questions :

1st. If a man make an obligation to secure a vacant succession, can a subsequent administrator adopt and enforce it ?

2d. Can one man sue on an obligation given to another ?

The mere division and statement of the questions involved in this objection, to my mind, supercede the necessity of any argument, when it is considered that a Court, having equitable

power, adjudicated the case, and also that Henderson, in taking the obligation, assumed to act in a trust capacity.

Rights of administrator relate back to death of intestate. Adoption of agency, see Paley, 172 ; Story Cont. 175. Right of principal to sue, (Story Cont. 191.) In equity, he who has real interest should sue. (Thompson v. Cartwright, 1 Tex. R. 78.)


WHEELER, J. It is objected to the judgment, that the Court had not jurisdiction of the case, because it appears that the defendant is a non-resident, and there is no averment that he has property or effects within the jurisdiction of the Court ; and we are referred to our Opinion in the case of Tulane v. McKee, (10 Tex. R. 335.) That Opinion, however, does not maintain the doctrine that, where the plaintiff is a resident of the State, it is necessary to aver that the defendant has property within it, though he be a non-resident. The contrary opinion was held in the case of McMullen v. Guest, (6 Tex. R. 275 ; and see Campbell v. Wilson, Id. 379.) In the case of Tulane v. McKee, all the parties to the suit, who were before the Court, were non-residents. The defendant Thomas had not been served, and the case stood as if he had not been named as a party to the suit. The writs of attachment and garnishment having been quashed, for the want of a sufficient bond, nothing remained to which the jurisdiction could attach. The present is a very different case. The residence of the plaintiff in the State is sufficient to support the jurisdiction of the Court. Every citizen is entitled to the process of the Courts to enforce his rights of action against non-residents. He may have service by publication ; or where the defendant has property or rights and credits within the State, by attachment. (Ward v. Lathrop, 11 Tex. R. 287.) And we are not aware that it has been held necessary, to entitle the plaintiff to an attachment in such a case, that it should be averred in the petition, that the defendant has property or effects within the State. The fact of the defendant's non-residence is made a

substantive ground of attachment; and the Statute does not annex the condition, nor is it perceived that it is required on general principles, that it should appear by averment, that the defendant has property within the jurisdiction of the Court, where the plaintiff's residence is averred. We, however, are not asked, nor is it material now, to revise the ruling of the Court upon the sufficiency of the attachment. The objection to the jurisdiction of the Court, to adjudicate upon the merits of the plaintiff's case, clearly is not tenable.

Nor is it perceived that there is any force in the objections urged to the sufficiency of the petition. The agency, or trust relation, subsisting between the plaintiff and defendant, was not determined until the demand by the latter, of the attorney representing the parties, and the making of the settlement then effected ; and consequently the Statute of limitations had not previously commenced to run. The writing, alleged to have been then given by the defendant, contained an express promise to pay, in case it should thereafter appear that the defendant had agreed to allow the plaintiff more than the sum already paid ; and it is averred that he had so agreed, or undertaken. This was a promise to pay upon a condition, on the happening of which the promise became absolute ; and it is not pretended that the Statute had barred the right of action upon it when the suit was brought.

But it is insisted that the petition does not aver performance by the plaintiff, of his contract and undertaking. And there would be force in the objection, if the averments of the petition did not show that which is equivalent to performance. It appears that what had been done, was freely accepted as performance. And it cannot be denied, that that operated as a full discharge of the plaintiff from his undertaking. It released him from any obligation he may have been under, to complete the collection of the money ; and entitled him to immediate compensation for his services. And this appears to have been the understanding of the defendant, and is impliedly admitted in his promise to pay according to what should appear, or be

shown to have been his contract. Though there was not a literal performance of the contract, there was a waiver of performance, or that which was accepted as, and is, for the purposes of this suit, equivalent to, performance.

It is further objected that the plaintiff cannot maintain this action upon the instrument given by 'the defendant to the attorney, because the promise therein contained was not made to the plaintiff, nor is the instrument assigned to him. It might be a sufficient answer to the objection, that the suit is not brought upon this instrument alone, but upon the plaintiff's whole case; which is fully, specially and circumstantially stated in his petition. Besides, it is clear that the plaintiff is the person beneficially interested in the promise therein contained. The nominal payee was but a mere naked trustee. And repeated decisions of this Court have settled, that the person having the beneficial interest or equitable title in the contract, may maintain the action in his own name.

We think it clear, that the petition discloses a valid subsisting cause of action, as between the plaintiff and defendant. And the plaintiff's case is amply sustained by the evidence. We are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.