### R. T. MICKIE AND OTHERS V. JAMES N. McGEHEE.

The plaintiff brought suit by publication in the county of his residence against defendants who were non-residents of the State, and alleged in his petition that the defendants had no property in this State, other than a note due them by parties resident in a different county, which note was in the hands of an attorney resident in the county wherein the suit was instituted; and prayed for judgment and for satisfaction thereof out of the proceeds of said note when collected, and also for injunction restraining the attorney from paying over to the defendants the proceeds of the note until plaintiff's judgment should be satisfied. The defendants excepted to the jurisdiction of the court, assigning for cause that, by the plaintiff's own showing, the defendants were non-residents of this State, and had no property, effects, claims or demands in the county wherein the suit was brought : *Held*, that the suit was well brought in the county of the plaintiff's residence, and that the exception to the jurisdiction was properly overruled.

Though a mortgagor, on payment of the debt, is entitled to a release of the mortgage, yet, as a general rule, and except under very peculiar circumstances, he is not entitled, in an action to compel the execution of a release, to recover punitory damages from the other party.

APPEAL from Limestone. Tried below before the Hon. N. W. Battle.

Mickie v. McGehee.

Suit by the appellee against R. T. Mickie, M. W. Mickie and S. B. Hudson, on an arbitration bond, for breach of which the plaintiff alleged that the defendants had failed and refused to execute to him a release of a deed of trust upon certain slaves, as required and bound to do in accordance with the award of the arbitrators.    The plaintiff prayed judgment for the penalty of the bond, and also for general relief.

The defendants being citizens and residents of the State of Virginia, the suit was brought in Limestone county by publication. In his petition the plaintiff alleged that the defendants had no property or effects in this State, except a note upon certain parties residing in Freestone county, of which the sum of $831 remained unpaid, and which note was in the hands of D. M. Prendergast, Esq., a resident attorney of Limestone county, for collection. The plaintiff prayed for an injunction restraining the attorney from paying to the defendants the proceeds of said note, and that such proceeds be held subject to the satisfaction of his demand. He further charged that the refusal of the defendants to comply with the award by executing a release of the deed of trust was malicious, and for the purpose of vexing and harrassing the plaintiff, who had been thereby compelled to employ attorneys at great expense, &c., for which he claimed damages.

The defendants excepted to the jurisdiction of the court, assigning for cause that, "by the plaintiff's own showing, these defendants are non-residents of this State, and have no property, or effects, claims, or demands of any kind or description whatever in said Limestone county." This exception, as well as sundry others, was overruled by the court.

It appeared from the evidence that the negroes conveyed in the deed of trust had remained ever since its execution in the possession of the plaintiff's agent or bailee, in Virginia, and that neither the trustee nor the defendants had ever had them in possession.    There was evidence of a demand made by the plaintiff on the defendants for a release, and of a refusal by them without assigning any cause; and that ill will and bad feeling existed to some extent between the parties, in consequence of which, as

some of the witnesses thought, the defendants refused to execute the release.

The court instructed the jury "that unless the evidence shows that defendants maliciously refused to execute the release referred to in the petition, they can give the plaintiff a verdict only for actual damages, and not for exemplary or vindictive damages." And at the request of the plaintiff, the further instruction was given: "That if the jury find from the evidence that the defendants entered into a bond to abide by the award which has been read in evidence, and afterwards willfully and maliciously refused to perform said award, the jury may find a verdict for the plaintiff for such amount of damages as they may deem a just punishment for such conduct."

The jury returned a verdict in favor of the plaintiff, and assessed his damages at two hundred dollars. Judgment accordingly, with decree subjecting the proceeds of the note in the hands of defendants' attorney to the satisfaction of the judgment. Defendants moved for a new trial, which was refused.

*D. M. Prendergast*, for the appellants.—1. The court erred in overruling the exceptions of defendants to plaintiff's original and amended petitions.

The first exception goes to the jurisdiction of the court.

The defendants, being non-residents, this suit, although not commenced by attachment, must be considered in the nature of a proceeding *in rem*, in order to give the court jurisdiction.

In such case it is the property, or effects, or demands of the defendants which are sought to be subjected to the process of the court that confers jurisdiction. (Story Con. Laws, sec. 539, 549; 2 Kent Com., 95, note A.)

By the plaintiff's own showing, the defendants have no property, effects, claims or demands in the county in which the suit is instituted, (Limestone,) and the debt which he seeks to subject to his demand is due and owing to defendants in Freestone county. Under this showing, it is respectfully submitted that Freestone was the proper county in which to sue.

The fact that the court has general jurisdiction could not affect this question; if such were the case, suit could as well have been instituted in El Paso as in Limestone county. Nothwithstanding the District Courts of the State are technically courts of general jurisdiction, yet as to questions of *venue* they are local. And the fact that the plaintiff was a resident of the county where the suit was brought could not of itself give the court jurisdiction. In order to entitle himself to the process of the court, it was necessary for him to show that the defendants (as they were non-residents) had property, effects, or demands of some kind within the *particular* jurisdiction of the court. (Ward v. Lathrop, 4 Tex., 180; McMullen v. Guest, 6 Tex., 279.)

The other exceptions go to the foundation of the action.

It will not be denied that the legal title to the property embraced in the trust deed was in the trustee, Wm. M. McGehee, and not in the defendants. He was the proper person then to release or re-convey the property, if indeed a release or re-conveyance was necessary, and such was the intention of the arbitrators. The trustee should have been first applied to, and upon his refusal could have been sued.

The plaintiff no where shows that the trustee had been applied to for that purpose, or had refused, or even had possession of the property.

But a release or formal re-conveyance was not necessary, and even a refusal to give it would not of itself have constituted a cause of action. (Duty v. Graham, 12 Texas, 434.)

A discharge of the indebtedness, to secure the payment of which the deed of trust was made, was all the plaintiff could require for his future security. Upon the discharge of such indebtedness, even if the legal title to the property should be in another, there would be a resulting trust in favor of the plaintiff. (Conard v. Atlantic Ins. Co., 1 Peters, 441.) "It is undoubtedly well settled, as a general principle, that a court of *law* will not permit an outstanding satisfied mortgage to be set up against the mortgagor," notwithstanding "the legal title is not technically released by re-conveying the property." (Ch. J. Marshall in Petty et al., v. Clark, 5 Peter's R., 483.) Much less would a

court of *equity* permit such satisfied mortgage to be set up against the mortgagor.

"In equity the debt is considered the principal, and the mortgage only the incident, and the discharge of the debt, any time before foreclosure, extinguishes the mortgage, and no re-conveyance is necessary to restore title to the mortgagor." The debt is the principal thing, and the mortgaged property "but an incident to the debt, and the mortgagor notwithstanding the terms of the conveyance remains the real owner of the fee." (Duty v. Graham, 12 Tex., 434, cited above.)

*Robert S. Gould*, for the appellee.

BELL, J.—We are of opinion that the court below did not err in overruling the exception taken by the counsel for the defendants to the jurisdiction of the court. The plaintiff below was entitled to maintain the action in the county of his own residence; and we do not think the rule should be varied because he sought to recover his damages out of a particular fund or sum of money due by some person residing in another county. (See Butterworth v. Kinsey, 14 Tex., 495.) But we are of opinion that the court below erred in the instructions given to the jury at the request of the plaintiff's counsel, in respect to the plaintiff's right to recover damages. The case was not one, in its nature, for exemplary damages. It is true that a mortgagor, on the payment of the debt, is entitled to the release of the mortgage; but if he be driven to his action to compel the execution of a release, or to obtain a decree canceling the mortgage deed, he is not entitled to recover punitory damages from the other party, unless, indeed, a case of very special circumstances were shown, which might form an exception to the general rule. In the present case, the plaintiff below had the possession and use of the mortgaged property, and is not shown to have been in any way damaged by the refusal of the defendants to execute a release of the mortgage. By reason of his prayer for general relief, he was entitled to a decree canceling the mortgage deed, or requiring the defendants to execute a release of the mortgage, and to his costs, and he was entitled to

nothing more.   (See the cases of Neill v. Flack, 22 Tex., and Bracken v. Neill, 15 Tex., 109.)

The judgment is reversed and the cause remanded.

Reversed and remanded.