## J. H. JOHNSON AND WIFE V. O. E. HERBERT AND WIFE.

1. CITATION BY PUBLICATION—NON-RESIDENTS OWNING PROPERTY WITHIN THE JURISDICTION OF THE COURT.—Non-residents of this State who own property within the jurisdiction of the court, may be cited to appear and answer by publication ; and the court acquires thereby jurisdiction to hear and decide the claim declared upon in the petition.
2. Where the petition states that one of the defendants, non-residents of this State, has and owns property within the jurisdiction of the court, it is error for the District Court to render judgment dismissing the cause for want of jurisdiction.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

The assignment of errors raised but a single question, viz: "That the court erred in sustaining the plea to the jurisdiction and dismissing the cause from the docket."

The petition alleged that defendants were non-residents of the State, but that one of them had property within the jurisdiction.

The defendants interposed a plea in abatement to the jurisdiction.

The court below held that no jurisdiction was acquired, in view of the fact that defendants were cited in the usual manner, by publication.

*R. V. Cook*, for appellants.

*John T. Harcourt*, for appellees.

ROBERTS, CHIEF JUSTICE.—The court erred in dismissing the petition, upon the ground of a want of jurisdiction, on account of the defendants being alleged to be non-residents. It was alleged that one of the defendants had property within the jurisdiction of the court. (Wilson *v.* Zeigler, 44 Tex., 657.)

It is not to be understood that this decision reaches the

merits of the case, as made by the petition, as to both of the defendants, it being made exclusively upon the question of jurisdiction.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.