F. S. WEEMS ET AL. v. MILES & RAINER.

(No. 1871, Op. Book No. 2, p. 515.)

APPEAL from Dallas County. Opinion by WATTS, J.

§ 1207. *Jurisdiction; non-resident of state having property in the state.* Appellees sued appellant Weems upon a note, alleging that he was a non-resident of this state, but had credits and effects in this state, and sued out a garnishment against appellant Hunt. Defendants pleaded in abatement to the jurisdiction of the court. *Held,* the allegation that Weems had property and moneys due him in this state, and the issuance and serv-

ice of the writ of garnishment, gave the court jurisdiction to hear and determine the cause, and the plea in abatement was properly overruled. [Battle v. Carter, 44 Tex. 485; Wilson v. Zeigler, id. 657; Johnson v. Herbert, 45 Tex. 304.]

§ 1208. *Garnishment; independent executor.* The garnishee in this case was executor under a will which gave control of the estate to him independently of the orders of the probate court. Such an executor may be sued, and execution may be issued against the property of the estate in his possession. The answer of the garnishee showed that Weems was entitled to a legacy of $2,000 out of the estate; that the estate in his hands was worth over $15,000, while the debts which had been proved against it amounted to something over $2,000. The case was tried in the court below about eighteen months after the probate of the will, and the garnishee did not assert or claim that the entire estate was necessary for the payment of debts. *Held:* Under the independent will, the executor held the property in trust for the legatees after the payment of the debts of the testator; and when the debts were paid, the rights of the legatees to the remainder of the estate became absolute. According to the answer of the executor, *prima facie,* he had assets in his hands belonging to Weems, and if other debts had come to his knowledge before the trial, sufficient in amount to consume the estate, or the greater part of the same, the burden was upon him to show the fact. The judgment appealed from was against Weems, defendant, and Hunt, garnishee, for the full amount of plaintiff's claim.

November 2, 1881.        Affirmed.