### C. W. MURPHY v. DAVID H. WALLACE.

(No. 3015.)

APPEAL from Rusk County.   Opinion by WHITE, P. J.

W. J. GRAHAM, H. L. STONE and MARTIN CASEY, counsel for appellant.

BUFORD & HALL and J. H. TURNER, counsel for appellee.

§ **430.** *Non-resident; garnishment will give jurisdiction as to, in suit against; case stated.*   Murphy and one Holliman were partners in the practice of medicine during the years 1880 and 1881.   Upon dissolution of said partnership in November, 1881, Murphy removed to the state of Indiana, where he has since resided.   By agreement Holliman was to collect the debts due the firm, two-thirds of which belonged to Holliman, and the other third to Murphy, and Holliman was to be well paid for collecting said debts.   In February, 1887, more than five years after said dissolution, Murphy sued Holliman to recover his share of the partnership debts collected by the latter.   Holliman, though cited in said suit, did not

appear and answer, and judgment final by default was rendered against him for $453.63 and costs. Subsequent to the rendition of said judgment Holliman made out an account against Murphy for $395.54 for his services and commissions in collecting said Murphy's share of said partnership debts. He transferred said accounts to appellee Wallace, who instituted this suit upon them. Citation was issued for Murphy to the state of Indiana, where he was alleged to reside, but said citation was served upon him in the state of New York. At the time of instituting the suit appellee sued out a writ of garnishment therein against said Holliman. This writ was served upon Holliman, but he did not answer. Murphy appeared in the cause by counsel, and pleaded: 1st. To the jurisdiction of the court over his person. 2d. The statute of limitations of two years. 3d. A general denial. 4th. *Res adjudicata*, in that the matter and things involved in this suit were, or could and should have been, litigated and adjudicated in said suit of Murphy v. Holliman. At the instance of Murphy the cause was continued from the March to the June term of the court, at which last-named term appellee recovered judgment for $243.08 and costs. *Held:* Appellant, in his plea to the jurisdiction, did not object to the mode and manner in which he had been cited. His objection was that, being a non-resident of the state, the service of citation upon him in another state was void, and that the statute authorizing such service [R. S. art. 1230 *et seq.*] is of no effect. If no other process than such citation had been issued and served than that authorized by said statute the question of jurisdiction would be a serious one. It has been held that such service is sufficient to give jurisdiction in a divorce suit. [Trevino v. Trevino, 54 Tex. 261; Jones v. Jones, 60 Tex. 451.] In all other cases in which jurisdiction has been sustained upon such service, or upon service by publication, there was something more to give jurisdiction than such service. Ordinarily the non-resident has appeared and answered, by excep-

tions or otherwise, in addition to his plea to the jurisdiction. [McMullen v. Guest, 6 Tex. 275; Campbell v. Wilson, id. 379; Butterworth v. Kinsey, 14 Tex. 495; Nickie v. McGehee, 27 Tex. 134; Zeigler v. Wilson, 44 Tex. 657; O'Neil v. Brown; 61 Tex. 34; Rice, Stix & Co. v. Petect, 66 Tex. 568; Fiebleman v. Edwards, 69 Tex. 334; 1 App. C. C. § 631.] As we understand it, the rule is that if the plaintiff be a resident, and the non-resident defendant appears voluntarily and unavailingly pleads to the jurisdiction, but has at the same time pleaded to the merits, the court has acquired jurisdiction of his person. [Liles v. Woods, 58 Tex. 416; 1 App. C. C. § 1346.] In this case appellant not only pleaded to the merits in addition to his plea to the jurisdiction, but he applied for and obtained a continuance of the cause.

If appellant had not appeared and answered in the case, a judgment against him merely upon the service had upon him would have been of no effect, but would have been absolutely void. [2 App. C. C. §§ 92, 302.]

To render such a service valid there must be an appearance and answer by the defendant, or the action must be *in rem*. [Battle v. Carter, 44 Tex. 485; Ward v. Lathrop, 4 Tex. 180; S. C. 11 Tex. 290; Wright v. Ragland, 18 Tex. 289; Haggerty v. Ward, 25 Tex. 144; Hays v. Barrara, 26 Tex. 81; Tulane v. McKee, 10 Tex. 335; Johnson v. Herbert, 45 Tex. 304.]

In Rowan v. Shapard, Stevens & Co. [1 App. C. C. § 302], this court remarked that "attachment is the proper and only remedy by which to bring the action *in rem*." As applicable to the facts in that case the remark was correct. But attachment is not the *only* remedy in all cases. The rule laid down in Pennoyer v. Neff, 95 U. S. 714, is the rule which this court has heretofore adopted and still adheres to. That rule is, that where a non-resident defendant is served in person or by publication, and in connection with such service his property is brought under the control of the court or subjected to its disposition; or where the judgment is sought as a

means of reaching such property or affecting some interest therein, then the jurisdiction is sufficient. But if there is only personal service, or service by publication, and there is no appearance or answer, then the action is merely one *in personam*, and the service is insufficient for any purpose. [See, also, St. Clair v. Cox, 106 U. S. 350; Pana v. Bowler, 107 U. S. 529; Hart v. Samson, 110 U. S. 151; Freeman on Judgments, § 567; 2 App. C. C. §§ 92, 302; Stuart v. Anderson, 8 S. W. Rep. 259.] Garnishment is a species of attachment, and is a proceeding *in rem;* and the great weight of authority is that, equally with an attachment, it gives jurisdiction in a suit against a non-resident, even though the garnishee does not answer the writ. [Willis v. Lyman, 22 Tex. 268; 1 App. C. C. § 1189; Drake on Attach. § 452; 2 Wade on Attach. § 325; 1 Wait's Act. & Def. 411.] In Illinois it has been held otherwise [Bigelow v. Andress, 31 Ill. 322], and perhaps in some other states.

§ **431.** *Limitation; absence from the state.* Appellant's plea of the statute of limitation is not tenable. It is only when a debtor has remained in the state for the full period of time prescribed by the statute, after the accrual of the cause of action, that a plea of the statute is maintainable. [R. S. art. 3216; Fisher v. Phelps, 21 Tex. 551; Phillips v. Holman, 26 Tex. 276; Ayres v. Henderson, 9 Tex. 539.]

§ **432.** *Res adjudicata; rule as to.* The plea of *res adjudicata* applies not only to the points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties by exercising reasonable diligence might have brought forward at the time. [Nichols v. Dibrell, 61 Tex. 531; Baxter v. Dean, 24 Tex. 17; Taylor v. Harris, 21 Tex. 439; Cayce v. Powell, 20 Tex. 767; Webb v. Mallard, 27 Tex. 80; Chilson v. Reeves, 29 Tex. 275; Tadlock v. Eccles, 20 Tex. 782; Lee v. Kingsbury, 13 Tex. 68.]

The original suit of Murphy v. Holliman was brought

expressly for the purpose of recovering from Holliman the amount due Murphy of the partnership debts collected by Holliman. It was in effect a suit for a settlement between the parties with relation to said debts. Holliman's services and commissions, embraced in the account sued on in this case, were necessarily involved in such settlement and former suit. Murphy's interest in said debts was subject to Holliman's claim for services and commissions for collection. These services and commissions were part of the pivotal matters in issue in said suit. The plea of *res adjudicata* is sustained by the evidence, and the judgment thereon should have been for appellant.

December 5, 1888.          Reversed and remanded.