## MATLOCK v. GULF, C. & S. F. RY. CO.
### No. 7961.

Court of Civil Appeals of Texas. Austin.
March 21, 1934.

Rehearing Denied April 11, 1934.

Smith & Smith, of Anson, for appellant.

Terry, Cavin & Mills, of Galveston, Woodruff & Holloway, of Brownwood, and Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

BLAIR, Justice.

This appeal is from a judgment of dismissal entered after the court sustained certain special exceptions to appellant's petition and after he refused to amend. Appellant's suit was for damages resulting from the breach of an alleged lifetime employment contract by appellee. The facts alleged with respect to the employment contract and its breach by appellee are as follows:

For a number of years prior to 1926 appellant was employed by appellee as a "master mechanic" in its machine shops at Brownwood, Tex. In the year 1926, and while in the discharge of his duties as master mechanic, a piece of steel struck appellant in the eye, which resulted in the complete loss of sight of the eye. A settlement agreement was entered into for the injury by which appellee paid appellant $2,500 in cash, and agreed to employ him for the remainder of his life as a master mechanic at the current wages paid by appellee for such labor, and agreed that appellant would be retained in his old position as master mechanic in appellee's shops at Brownwood. The settlement agreement was partly in writing and partly oral; the written portion being that relating to the payment and receipt for the $2,500, and the oral portion being that relating to the lifetime employment contract. Pursuant to the employment agreement, appellant returned to his same position as master mechanic at Brownwood, and for more than two years continuously performed and was paid for his services as a master mechanic at the current wages paid by appellee for such labor. On or about September 1, 1928, appellant was, without provocation or justifiable cause, laid off and refused and denied permission to perform his duties as master mechanic.

By paragraphs 5 and 6 of his petition, appellant alleged as follows:

"Plaintiff says that his discharge from his employment in the capacity as above named was temporary at that time. That on several occasions during the year of 1929 plaintiff was notified by the defendant through its agents and employees to hold himself in readiness that they were going to put him back on his same job. And plaintiff says that he did hold himself out and was ready, willing and able to return to his work as a Master Mechanic, and that the defendant had not fully breached its contract of employment but had from time to time during the year of 1929 and did during the early part of the year 1930 notify the plaintiff that they would place him back in his same position and back upon the

payroll. And on or about the first day of September, 1931, Mr. F. M. Mosely, the master mechanic for the Santa Fe Division, advised and told the plaintiff at the 'round house' office in the town of Brownwood, Texas, that the defendant was going to put the plaintiff back to work, back on his duties as a master mechanic and back on his payroll under the terms of its said contract of employment with him. And plaintiff relied upon the same and continued to hold himself out, ready and willing to work until about the first day of January, 1932. Plaintiff discovered that the defendant was not complying with its continued agreement and promises, but plaintiff concluded that the defendant had a purpose and was intending to breach its contract of employment, and plaintiff then during the month of January, 1932, filed a suit in the courts upon said contract.

"During the time that plaintiff was being paid wages by the defendant for his services as a master mechanic after the date of his injury and up to and about the first day of September, 1928, defendant paid the plaintiff wage of seventy-six cents per hour for eight hours work. That defendant continued to promise the plaintiff that he would soon be placed back on his same job at the same wages and plaintiff was at all times willing and able to perform his duties as a master mechanic and ready to return to the job, and that plaintiff has continuously, ever since the date of the filing of this suit and the date of bringing said promised contract to a close, been ready, willing and able to perform the duties of master mechanic for the defendant in the same position and at the wage of seventy-six cents per hour working eight hours per day and seven days per week as per his contract and that the plaintiff was and is a skilled, experienced master mechanic, but defendant ·wholly failed to keep its promises and agreement, the last one of which was made with the plaintiff on or about the first day of September, 1931, to place him back to work. And that the defendant thereafter breached its said contract and compelled the plaintiff to cause the same breached and seek his damage for the breach of the same. And that defendant has not paid the plaintiff's wages since the first day of September, 1928, but the defendant has now wholly breached its said contract and plaintiff has declared the same breached and is entitled to his damage in the sum of the amount that his wages would have been from the first day of September, 1928, down to the date of the trial of this cause based on seventy-six cents per hour for eight hours per day

and seven days per week in the total sum of $11,000.00."

To paragraphs 5 and 6 above quoted, the trial court sustained a special exception raising the question of limitation and holding that at the time of the institution of this suit appellant's cause of action for breach of the alleged lifetime employment contract and for the damages accruing prior to the filing of the suit was barred by the two years' statute of limitation.

By paragraph 7 of his petition appellant alleged with respect to additional damages as follows: "That the defendant through its agents induced the plaintiff to enter into said settlement contract with it for the consideration of $2,500.00 cash and a lifetime employment as heretofore set out, and induced the plaintiff to release the defendant from any further liability. And at the same time the defendant knew that the plaintiff was so injured that it would be difficult for him to serve in the capacity as a master mechanic for any other railroad. That after the lapse of two years period of time the defendant willfully and without probable cause, begun to lay the plaintiff off under the promise that it would put him back to work and continued to make those promises from time to time, and induced the plaintiff to believe the same and rely upon the same until about the first day of January, 1932. Plaintiff was thereby induced to hold himself in readiness, and not apply for a position of master mechanic with any other railroad shop. And the acts of· the defendant prevented the plaintiff from holding his seniority as a master mechanic and plaintiff has now completely lost his seniority standing as such mechanic on account of the breach of said contract by the defendant and the refusing on the part of the defendant to permit the plaintiff to return to the position of a master mechanic has caused the plaintiff to sustain a further damage of $6,000.00."

To this paragraph seeking additional damages the trial court sustained special exceptions to the effect: (1) That the allegations were too vague and indefinite and did not state a cause of action based upon the breach of the alleged lifetime employment contract; and (2) that the damages sought did not grow out of the breach of the alleged employment contract, and that no such damages are recoverable in a case of this character.

In sustaining the plea of two years' limitation to appellant's cause of action for damages accruing prior to the date of filing his suit on January 29, 1932, the court necessarily found that appellee completely breach-

ed its alleged lifetime employment contract on September 1, 1928, the date it first discharged appellant. This finding was erroneous, because appellant alleged that his discharge on that date was temporary; that on several occasions in the years 1929, 1930, and particularly on or about September 1, 1931, appellee, through its agents and employees charged with the duty of employing master mechanics, promised to put appellant back to work at his former position under the terms of its lifetime employment contract with him, and that appellant relied upon said promises and advice to hold himself in readiness and was at all times able, ready, and willing to resume his work, but that on or about January 1, 1932, appellant discovered that appellee did not intend to comply with its continued agreement and promises, and concluded that appellee intended to breach its contract of employment with him, and that appellant immediately (January 29, 1932) filed this suit for damages for breach of said lifetime employment contract, seeking to recover the damages which had accrued prior to the date of filing of the suit as well as the damages which would result in the future from such breach of contract.

The rule is settled in this state that a cause of action for the whole damages resulting from a breach of a lifetime employment contract accrues when there is a positive and absolute refusal of the employer to perform his promise and the employee elects to treat the contract at an end. Or, if the breach has been such that the employee has the right to treat the contract as absolutely and finally broken by the employer, and the employee so elects to treat it, then the cause of action for the whole damages resulting from the breach arises, and the right of action accrues at the time of the absolute and final breach and the election to so treat it by the employee. Kilgore v. Northwest Texas Baptist Educational Ass'n, 90 Tex. 139, 37 S. W. 598; U. S. v. Smoot, 15 Wall. 36, 21 L. Ed. 107; Pierce v. Tenn. Coal, etc., Co., 173 U. S. 1, 19 S. Ct. 335, 43 L. Ed. 591; Pollack v. Pollack (Tex. Com. App.) 39 S.W.(2d) 853; Id. (Tex. Com. App.) 46 S.W.(2d) 292; Eubanks v. Galveston, H. & S. A. R. Co. (Tex. Com. App.) 59 S.W.(2d) 825.

In consequence of this rule, it is manifest that appellant's cause of action accrued at the time he discovered that appellee did not intend to carry out its agreement and promises to let him resume his work as master mechanic under the alleged lifetime employment contract, which discovery was al-

leged to have been in January, 1932. Since this is true, and since the suit was filed on January 29, 1932, the only limitation applicable is the two years' statute (Rev. St. 1925, art. 5526), which would bar all damages that had accrued more than two years prior to the date the suit was filed. McMullen v. Guest, 6 Tex. 275; Pollack v. Pollack, supra.

While the trial court had the right to sustain the special exception to that portion of paragraph 7, supra, which alleged that the breach of the employment contract by appellee caused appellant to lose "his seniority as a master mechanic," because such allegations were too vague and indefinite, still the remainder of the paragraph, when construed in connection with the other allegations of the petition, alleged a cause of action for damages resulting in the future from a breach of the contract for lifetime employment. The petition as a whole alleged a cause of action for damages for the breach of a lifetime employment contract under the rules announced in the cases of Pollack v. Pollack, and Eubanks v. Galveston, H. & S. A. R. Co., supra, and the cases there cited. These cases also announce the measure of damages applicable to a suit for breach of a lifetime employment contract.

The judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.