## MOORE v. STILES.

### No. 10622.

Court of Civil Appeals of Texas. Galveston.

March 17, 1938.

Harry D. Larson, of Eagle Lake, for appellant.

CODY, Justice.

The only question necessary to be decided on this appeal is whether the trial court's action, in sustaining a special exception raising the plea of limitations, two-year statute, Vernon's Ann.Civ.St. art. 5526, to the cause of action pled by appellant against appellee, was correct. Appellant will hereafter be designated plaintiff, and appellee defendant.

Plaintiff filed suit against defendant in the county court of Colorado county, December 4, 1936. He alleged in substance that, at defendant's request therefor, and on his promise and agreement to pay the customary and fair charges therefor, he, plaintiff, furnished defendant the use of a motor-truck, together with the services of its driver; further, that the customary and fair charges therefor was the sum of $6 per day; that this occurred during parts of May and June, 1934, for 45½ days, making the total of the value of such use and service $213. Plaintiff further alleged that defendant is the manager of Faber plantation, and the store or commissary run in connection therewith; that at the time the agreement for the use of the truck and services of its driver was made, plaintiff owed defendant $50 evidenced by a promissory note, and was also being extended credit at such store during the year 1934. Further, that defendant informed plaintiff that he would make payment for the use of the truck and services of its driver by crediting same on said note and his account with said store. Further, that plaintiff believed he had been given the promised credits until December 22, 1934, when defendant demanded payment of the note. Plaintiffs thereupon, on said day, demanded of defendant payment of the sum aforesaid (the value of the use of the truck and of the services of its driver), which defendant failed and refused to pay to plaintiff's damage.

From the foregoing statement of plaintiff's petition it appears that he alleged first a contract made with defendant in May, 1934, whereby defendant was to give to, and procure for, plaintiff credit on the $50 note, and on plaintiff's account with the store, in the amount of $213; that defendant breached his agreement, and breached it so far as plaintiff knew, on December 22, 1934, and plaintiff sues for damages for such breach.

We are unable to say that plaintiff's cause of action arose either at the time of the alleged agreement, or at the time of its performance, or before its alleged breach on December 22, 1934. At least it seems quite clear that, with respect to the store account, plaintiff's cause of action against defendant did not arise until his failure and refusal to procure for plaintiff the promised credit thereon. Under the allegations, plaintiff had no right to credits on his account at the store, as against the owner of the store, at the time the truck and driver were hired to defendant (the manager of the store); but his action arose against defendant for the breach of the agreement to procure such credits thereon, when the breach occurred. We are unable to say from the face of the pleadings that plaintiff's cause of action for the alleged breach to procure such credits on the account arose before December 22, 1934. Young v. Archer Motor Co., Tex.Civ.App., 33 S.W.2d 752. As having some analogy, but not as being controlling, we cite Matlock v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 70 S.W. 2d 279; Johnson v. Sugg, Tex.Com.App., 291 S.W. 857.

Our decision is that, from the face of plaintiff's pleading, it does not certainly appear that plaintiff's cause of action in its entirety is barred by the two-year statute of limitations. Upon the trial of the cause it may be made to appear that, as against the plea of limitations in bar, under the evidence, plaintiff's alleged cause of action is in fact barred.

Appellee has not furnished us with a brief. We are not advised on what theory the court sustained the special exception. It may be that in his motion for rehearing appellee will show that, for some reason that has not occurred to us, the trial court's action, in sustaining the special exception urging the two-year statute of limitations, was correct.

Judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

PLEASANTS, C. J., absent.