

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 14, 1965

Honorable F. T. Graham　　　　　Opinion No. C- 504
Criminal District Attorney
Cameron County　　　　　　　　Re: Whether those county clerks
Brownsville, Texas　　　　　　　now incumbent are required
　　　　　　　　　　　　　　　　during their current terms
　　　　　　　　　　　　　　　　to bring themselves and
　　　　　　　　　　　　　　　　their respective staffs
　　　　　　　　　　　　　　　　under the provisions of
　　　　　　　　　　　　　　　　Article 1937, Vernon's Civil
　　　　　　　　　　　　　　　　Statutes, as amended by
　　　　　　　　　　　　　　　　House Bill 125, Acts of the
Dear Mr. Graham:　　　　　　　　59th Legislature, 1965.

　　　　You have inquired as to whether those county clerks
now incumbent are required during their current terms to bring
themselves and their respective staffs under the provisions of
Article 1937, Vernon's Civil Statutes, as amended by House Bill
125, Acts of the 59th Legislature, 1965.

　　　　The amended Article 1937, which under Section 39,
Article III of the Texas Constitution becomes effective on
August 30, 1965, 90 days after the adjournment of the 59th
Legislature, provides in part:

　　　　"Section 1. Each county clerk shall, before
　　entering upon the duties of his office, give bond
　　. . . /and/ shall also take and subscribe the of-
　　ficial oath which shall be endorsed on the bond . . .

　　　　"Section 2. . . . Each deputy and each em-
　　ployee shall be covered /under bond/ for the same
　　conditions and in the same amount as the county
　　clerk . . ."

　　　　Those clerks now in office are bonded pursuant to the
requirements of Article 1937 as it stood prior to amendment. The
legislature has failed to provide that the bonds of those now
incumbent should be increased to the new minimum rates set forth

-2380-

in the amended Article 1937. The provisions of Section 1 are
by their clear and unambiguous terms limited to the county clerk
when qualifying for his office. There is, however, authority
under Article 6002, Vernon's Civil Statutes, for those counties
wishing to require increased bond of him. Said Article provides:

"When the commissioners court becomes satis-
fied that the bond of any county officer which
has been approved by said court is from any cause
insufficient, they shall require a new bond or
additional security to be given. Said court
shall cause said officer to be cited to appear
at a term of their court not less than five days
after service, and shall take such action as they
deem best for the public interest, and their de-
cision shall be final and no appeal shall lie
therefrom."

In the absence of an action by the commissioners court
pursuant to Article 6002, it is our opinion that there is nothing
in Article 1937 which would automatically require the county
clerk to bring his bond up to meet the new minimum requirements.
There is a well settled policy against judicial findings of
abrupt breaks or changes in the law unless the legislature has
clearly indicated that such was intended. Adams v. Rockwall
County, 280 S.W. 759 (Tex.Comm.App. 1926). You are therefore ad-
vised that unless the commissioners court acts under Article 6002
to require him to do so, the county clerk now incumbent need not
increase his bond. However, he will continue to be required to
keep his bond at the level required of him upon entering office
for his current term. Where the legislature has simultaneously
repealed and re-enacted a statute, it will be presumed that the
original statute continues in force until such time as the act
as re-enacted becomes effective or operative. McMullen v. Guest,
6 Tex. 275 (1851); Handel v. Elliott, 60 Tex. 145 (1883). This
presumption should be especially strong in the instant case where
the requirements of the new statute are more stringent than those
of the old.

You are further advised that the coverage of Section 2
of Article 1937 as amended, would not, by the clear terms of such
section, become operational independently of Section 1. There-
fore, so long as the county clerk is not brought within the

coverage of Section 1 of the amended act, his subordinates will not come within the coverage of Section 2.

Neither does Section 3 of Article 1937, which provides how the bonds set forth in the first two sections will be payable, make any requirement independently of the first two sections.

We are enclosing herewith our recent Opinion C-506 which fully answers your third question.

### SUMMARY

Those county clerks now incumbent are not required during their current term of office to bring themselves and their respective staffs under the provisions of Article 1937, Vernon's Civil Statutes, as amended by House Bill 125, Acts of the 59th Legislature, 1965.

Yours very truly,

WAGGONER CARR
Attorney General

By: Larry Craddock, Jr.
Assistant

LC:ra

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Banks
Kerns Taylor
Pat Bailey
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright