OPINION of the Court, by
Ch. J. Bottle;
— ^Jobn Craig filed his bill in chancery; alleging that he had an equitable title, by virtue of an entry of 1000 acres upon a treasury warrant, to a tract of land which the defendants held under elder grants, and prayed that they might be compelled to convey ta^liim. The suit hav-sng abated by his death, it was rev.ved by. an order for that purpose in the flame of Samuel Baird, to whom Craig had devised a part of the land in controversy. Baird prosecuted the suit to a final hearing, and a decree was pronounced by the inferior court in his favor, from which decree this appeal is prosecuted.
The only question which we deem necessary to be particularly noticed is, whether the suit could be revived ⅛ the name of Baird as devisee ?
That a devisee may have ah original bill to assert his right, when it is of a nature to be cognizable in a court of equity, there is no doubt; and where proceedings have been had by a suit in the name of the devisor, if the devisee wishes to obtain the benefit of such proceedings, it is clear that he may do so by an original bill in the nature of a bill of revivor. But according to the well settled doctrine in courts of chancery, ⅛ devisee cannot have a bill of revivor.
A revivor is but a continuation of the cause, and can only be had in the name of thé representátive of him by whose death it abated ; and as the heir is as to the real estate the legal representative of a man ; death, the suit can only be revived in his nan land is the subject of litigation. Thus it is an assignee or purchaser shall not have a bill of! for want of privity — 1 Ver. 426-7- So a devise but a purchaser, and not representing the devisd not have a bill of revivor — -Hinde’s Prac. 49, contrary doctrine is wholly irreconciliable with gS principles, and would be attended with the most ; consequences : for suppose, as is in fact the case in this instance, the estate in litigation to be devised in seve-yalty to a plurality of persons ; in such a case it is evident that the devisees cannot join in a bill of revivor, because their interest is separate and distinct, and if one might have, a bill of revivor each of the others might. *378 This would bp absurd, or rather impossible ; for after a suit had been once revived, it could not again be revived,*when no second abatement had taken place,
It was said in argument that this objection was not embraced in the assignment of error. This is true, but it can make no difference in the result of the case : for it is admitted that the decree is erroneous, in as much as it gives to the devisee in whose name the suit was revived, more and other land than he is entitled 10 under the will; and as it must be reversed on this ground, it is evident that this court cannot, whatever might be their opinion of the merits of the devisee’s claim, proceed to decree in his favor in this suit so erroneously revived in his name.
The decree of the court below must b= reversed with costs, and the cause remanded, that the order of revival be set aside and rescinded with costs.