Wheeler, J.
It is evident that tlie return of tlie sheriff is not in conformity to law. (Hart. Dig., arts. 811. 2894.) Tlie otity question is, whether the insufficiency of tlie return is cured by the affidavit attached to it. And we are of opinion that it is not. It is tlie mere ex parte affidavit of a stranger to* the record. It is not adopted or referred to by the officer in making his return, which is required to he signed by him officially. (Ib.) It constitutes no* part of tlie return ; is not embraced or referred to in the statement of facts-certified by the judge in obedience to the statute. (Hart. Dig., 782.) It is not authenticated, by his certificate or otherwise, in any manner which entitles it to be considered as a fact proved in the case.
In ex parte proceedings like the present, where the defendant has not had actual notice of the suit, the plaintiff must be held to a strict compliance with, every essential requirement of the law.
Note 06. — For examples of defective returas of service of process see Middleton v The Slate, 11 T., 255; Blossman v. Litehford, 17 047; Bartlett v. Winkler, 15 T., 516; Graves v. Robertson, 22 T., 130; Harta. Clifton, 19 T., 50; Underhill v. Lockett, 20 T., 130; Winans v. The State, 25 T. Supp., 175; Batey v. Dibrell, 23 T., 172; Allen v. Wyser, 29 T., 250; Clarke v. Wileox, 31 T., 322; Hill v. Grant, 33 T., 132; Bendy v. Boyce, 37 T.,443; Tullis v. Scott, 33 T.,537; Johnson v. Barthold, 43 T., 556.
We are of opinion that the sheriff’s return is not in conformity to law; that it does not appear from the record that the defendants were duly served with process; and that the judgment he therefore reversed, and the cause remanded for further proceedings.
Judgment reversed.