Wheeler, J.
In an argument of much research and ability the counsel for the plaintiff in error has labored to maintain that the summary proceedings-against the defendant in the former suit were not in conformity to law, and consequently that the judgment rendered therein is coram non judice and void. Tiie argument seemed entitled to much weight, if those proceedings constituted, properly any part of the record before us. They doubtless might have been made so by pleading to the scire facias. But, to constitute the record in the original action a part of the record in this case, it must, it seems, have been made so by the pleadings and proceedings in the scire facias. (3 Monr. R., 200, 202.)
The only error assigned which will be noticed is the 8th, which will suffice to dispose of the present case, and is founded on the omission of the court to-incorporate in the record a statement of facts, as required by the statute.
The provision of the statute relied on is as follows: “On the rendition of any judgment in a suit where notice or service of process has been given or made by publication only, and heard ex parte, the court shall make out and iucorpo- *288 rate with the record of the case a statement of the facts proved therein •on whicii the judgment was founded.” (Hart. Dig., art. 782.)
Note 82. — Bullock v. Bailen, 9 T., 498; Hopkins v. Howard, 12 T., 7.
Note 83. — Chrisman v. Miller, 15 T., 159; Pierpont v. Pierpont, 19 T., 227; Hill v. Baylor, 23 T. *261; Davis v. Davis, 24 T., 187; Thomas v. Jones, 41 T., 265.
Note 84. — Taylor v. Harris, 21 T., 438; House v. Burnett et al, 42 T., 486.
The scire facias in this case does not come within the decision of this court fin the case of Boon v. Roberts. (1 Tex. R., 147.) It is not, as in that case, a ■mere citation to bring in the administrator of a deceased party during the pendency of the suit; but, being to revive a judgment by a representative of •the party to it, it is in the nature of an original action. (Id., 152, 153; 2 Sellon’s Prac., 187 to 199.) Though deemed a judicial writ, it is so far in the nature of an original that the defendant may plead to it; and it is, in that respect, considered as an action. (2 Inst., 503; 3 Pike R., 330.) It is a suit within the meaning of the provision of the statute cited. The object of that statute is to afford'to a party who has not l;ad actual notice of the pendency of the suit, by the service of process, an opportunity to bring the case before this court for revision upon the facts as well as the law. It is, indeed, a most salutary provision, intended to guard -against abuses which might be practiced under the statute that authorizes service by publication only. Its reason and policy are equally applicable to cases in which the cause of action is liquidated as to those in which it is unliquidated. Taken and construed with the 12th section of the act of 1848, (Hart. Dig., art. 812,) it is to be considered as a qualification of the provisions of that section, applicable to judgments by default where service has been by publication, where the defendant has not appeared, and where, consequently, the hearing is ex parte. And w’e are of opinion that in every such case, whatever may be the cause of action, and whether liquidated or unliquidated, proved by parol, by written, or by record evidence, the provision of the statute, which requires á statement of the facts on which the judgment is founded, must be observed, and that its omission will be fatal to the judgment on error.
It is unnecessary to consider the questions discussed at the bar in respect to the validity of the former judgment. It is, at least, very questionable whether the record of the proceedings in that case is properly any part of the record in this. Those proceedings, doubtless, may be brought before the court when the case shall have been remanded; and should this be done, it may then ’become necessary to pass upon their validity. If, as insisted, the judgment be -void, for the want of jurisdiction of the person of the defendant, or because, being1 a summary proceeding, the facts necessary to give the court jurisdiction -do not appear of record, that, it is conceived, must be an answer to the scire facias. A void judgment cannot have validity imparted to it by a scire facias ■to revive.
We are of opinion that the judgment be reversed, and the cause remanded ■for further proceedings.
Judgment reversed.