### RICHARD D. BLOSSMAN v. WILLIAM H. LETCHFORD AND OTHERS.

A return by the Sheriff that he executed the citation for publication, by ordering the brief statement and writ to be published four successive weeks before the return day thereof, in a certain newspaper, accompanied by the affidavit of the publisher of the paper, that publication thereof was made accordingly, is not sufficient; the fact of the publication, and the time and manner thereof, must be stated by the Sheriff as of his own knowledge, in the return signed by him officially.

The Sheriff, in the case now before us, had leave to amend his return ; and had this amendment been made, the deficiency would have been supplied. But no such amendment appears in the transcript. True there is a recital in the judgment, that it appeared to the Court that service by publication had been perfected, as required by law. But this is insufficient, at least on error or appeal. The return of the Sheriff must show within itself, that there had been legal service of the process.

Error from Brazos. Tried below before the Hon. Henry J. Jewett.

Judgment by default in the Court below. No question was made in the Court below as to the sufficiency of the Sheriff's return of the citation. The "leave to amend the return" which was granted, was no doubt intended to cover a defect in the re-

turn of the attachment, which appeared to have been amended. The term "perfected" is used by the District Courts, in this connection, to mean that it is then (at the time of entering judgment by default in publication cases) the next Term of the Court after that to which the citation was returnable ; and such would seem to be the sense in which it is used in the statute. (Hart. Dig. Art. 812.)

*Alexander*, for plaintiff in error. The return of the citation does not show affirmatively the facts essential to a valid return. It does not show that there was no newspaper published in Brazos county ; that Washington county was the nearest county in which a newspaper was published ; and that the citation and brief statement were actually published in a newspaper in that county for four successive specified weeks prior to the return day thereof. (Hart. Dig. Arts. 679, 811, 2894 and 814; Goodlove v. Gray, 7 Tex. R. 483.)

*J. Willie*, (for B. E. Tarver) for defendants in error. It might appear at first view that the service in this case was defective. The Sheriff certifies that he commanded the citation to be published, &c., which would be insufficient of itself. But it seems that at the Fall Term, 1855, an order was made permitting the Sheriff to amend his return, and the judgment recites that it "appeared to the Court that service had been perfected," which must be intended to mean that it appeared in a legal manner. The case does not come within the rule in Goodlove v. Gray, 7 Tex. R. 483, if any effect is to be given to the recital in the judgment.

HEMPHILL, CH. J. Richard D. Blossom, the defendant below, was alleged in the petition to be a non-resident of the State. His property was attached, and he was ordered to be cited by publication. Various errors have been assigned, but

the only one insisted upon is, that there was no legal service of the citation. This was ordered in the process itself, to be published in the Lone Star and Texas Ranger, a newspaper published in the town of Washington, for four successive weeks before the return day ; and the Sheriff returns that he executed the same by ordering the brief statement and writ to be published four successive weeks in the Lone Star and Texas Ranger, a newspaper published, &c., before the return day thereof. Attached to this return was an affidavit of Joseph Lancaster before a Notary Public, that he was the publisher of the Lone Star, &c., and that he published the citation notice for four successive weeks, &c.

The return of the Sheriff was clearly insufficient. His return must show fully the time and manner of the service, and must be signed by him officially. Nor is the defect cured by the affidavit of Lancaster, which is not adopted or made a part of the return of the officer. The case comes clearly within the principle of the decision in Goodlove v. Gray. (7 Tex. R. 483.)

The Sheriff, in the case now before us, had leave to amend his return ; and had this amendment been made, the deficiency would have been supplied. But no such amendment appears in the transcript. True, there is a recital in the judgment, that it appeared to the Court that service by publication had been perfected, as required by law. But this is insufficient, at least on error or appeal. The return of the Sheriff must show within itself, that there had been legal service of the process. Had there been any disability by death or otherwise, preventing an amendment of the return by the officer, extraneous proof of service would have been admissible.

We are of opinion that there being no legal service of process, or no such evidence of it as is required by law, there was error in proceeding to judgment, and that the same be reversed and cause remanded. (Hart. Dig. Art. 679, 811, 2894, 813.)

· Reversed and remanded.