## WILLIAM DAVIS v. MARGARET DAVIS.

Where service on the defendant has been by publication, and the proceedings are *ex parte*, if there be no statement of the facts upon which the final decree was rendered, incorporated into the decree itself, or preserved as a part of the record, the judgment will be reversed.

ERROR from Collin. Tried below before the Hon. William S. Todd.

This was a suit for divorce, by Margaret Davis against William Davis, commenced by publication; the place of residence of the defendant, was alleged in the petition to be unknown. The petition was filed on the 19th August, 1854; publication was made in a newspaper for four weeks, from the 21st August, 1854.

The petition prayed for alimony, for the maintenance of herself and her child, and that a sufficiency of a certain tract of land consisting of 600 acres, belonging to the defendant, might be sold for the purposes aforesaid. A portion of this land was, on the 13th day of October, 1854, ordered by the court, to be sold, and the proceeds of the sale decreed to be appropriated, according to the prayer of the petition. The sale was accordingly made by the sheriff, in obedience to this decree, and a report thereof was returned to the court at the Spring Term, 1855.

·At the Spring Term, 1855, a trial was had, and a verdict rendered in favor of the plaintiff, on which the court decreed the divorce as prayed for. There was no appearance by the defendant, nor other notice than service by publication. The other facts appear from the opinion.

The defendant prosecuted this writ of error, and assigned for error, that there was no statement of facts, upon which the decree or judgment was based, embraced in the decree; that the court had no authority to order the absolute and unconditional sale of the defendant's lands, to create a fund in the way of ali-

mony; and that the court had no jurisdiction, there being no legal service of the citation on the defendant.

*J. A. & R. Geeen,* for the plaintiff in error.—The errors which we deem fatal, are, 1st. The failure of the plaintiff, or of the court, to file and incorporate in the record, a statement of facts as required by the statute. 2d. The orders of the court for temporary purposes, alienating the real estate of the defendant.

The first point is settled, and must reverse this case. (M'Fadden v. Lockhart, 7 Texas Rep. 575.) But since the case (if we are correct,) must go back on the first ground of error, we ask the ruling of the court, particularly on the second assignment of error. The statute enacts, that the court *"pronouncing a divorce,* may decree, and order a division of the estate of the parties, in such way as to them may seem right," &c., "provided that nothing herein contained, shall be construed to compel either party to divest him, or herself, of title to real estate, or to slaves." (Hart. Dig., Art. 849.) Also, "that pending any suit for a divorce, the courts may make such *temporary orders,* respect- the property and parties, as they shall deem necessary and equitable." (Hart. Dig. 857.)

The first cited provision of the statute, was fully discussed in the case of Fitts v. Fitts, 14 Texas Rep. 444. The conclusion arrived at, seems to be, that the statute extends, not only to the community property, but to the separate property of either party, provided, however, that the *lands and slaves,* which are the separate property of each party, shall be *so charged as not to alienate the title.* (Fitts v. Fitts, 14 Texas Rep. 451–453.) The construction of Art. 851, has not yet, as we are aware of, been authoritatively settled. We think it clear, that it does not give power to the court, to order a sale of lands or slaves of either party, for the following reasons.

1st. The plain import of the words, forbid such a construction. The word "temporary," qualifies the term "orders." The statute does not give the courts power to make permanent orders, for temporary purposes, as the court seemed to think, but only *tem-*

*porary orders* for any purpose, permanent or temporary. An order which permanently alienates the property of the party, *pendente lite,* may be an order for a temporary purpose, but can in no sense, be said to be a *temporary order.* If it is, it would be difficult to conceive, what a permanent order would be. The plain object of the statute would seem to be, to give the court temporary power over the property, to appoint trustees or agents, to take temporary control, and possession of it, and out of its proceeds, to furnish maintenance for such party, as might be ordered by the court ; also to prevent the parties from wasting the property, *pendente lite,* and such other like temporary powers.

2d. It would be unreasonable to suppose, that a power would be given to a court, before the trial of a case, greater than that after trial. If, even *after the trial* of a divorce case, the court has no power to alienate the *title* to lands, it would, *a fortiori,* follow, that *before* the law and justice of the case was examined, the court could not make such decree. It surely will not be contended, that a court, which is prohibited from compelling a party to alienate his land, can compel the sheriff, as the *forced agent of the party,* to alienate the same land. It becomes still more unreasonable, to allow greater powers, *pendente lite,* than on final decree, when we reflect, that there is no appeal from such interlocutory orders, (suspending their operation,) until final judgment, and meantime the party would lose his property, without remedy.

3d. In this case, the defendant was not in court, when the order was made, and it was consequently *coram non judice.* The statute allows the defendant an entire term after publication, to come in and answer. (Hart. Dig., Art. 812.) The order was made without any actual, or constructive notice to the party, of the suit; without any pretence of notice of the amendment; before opportunity to answer; without proof of the facts, on an *ex parte* allegation ; in other words, divests vested rights without *due process of law,* which the statute could not do, if it would.

*John T. Mills,* also for the plaintiff in error.

BELL, J.—In this case, the defendant in the court below, was served by publication, and the proceedings in the case, upon the prayer of the plaintiff below for alimony, and the final trial, were *ex parte*. There is no statement of the facts, upon which the final decree was rendered, incorporated into the decree itself, or preserved as a part of the record. The judgment of the court below must, therefore, be reversed, upon the authority of the case of McFadden v. Lockhart, 7 Texas Rep. 573, and other decisions of this court.

It is not our purpose, in reversing the final judgment of the court below, to affect the proceedings of the court below, ordering the sale of land, for the purpose of raising money for the support of the plaintiff, in the court below; which said proceedings, were prior to final judgment. The present judgment of this court, will only extend to the reversal of the final judgment of the court below, and the cause will be remanded for such action in the premises as the court below, and the parties, may deem proper. Judgment of the court below reversed and cause remanded.

Reversed and remanded.