BENJAMIN D. ALLEN v. GUSTAVUS A. WYSER.

The 16th section of the act of 1848, "concerning proceedings in the district court," (before amended,) read as follows: "If the plaintiff, his agent, or attorney, shall, at the time of instituting his suit, or at any time during the progress thereof, make affidavit before the clerk of the court that the defendant is not a resident of this State, or that he is absent from this State, or that he is a transient person, or that his residence is unknown to the affiant, the clerk of the court shall issue a citation to the proper officer, (which citation shall contain a brief statement of the cause of action,) commanding the said officer to summon the defendant, by making publication of the citation in some newspaper published in the county where the writ issued, if there be a newspaper published in said county, but if not, then in the nearest county where a newspaper is published, for four weeks previous to the return day of such process." (Paschal's Dig., Art. 25, Note 233.) Although the suit was to recover a debt, and in no way a proceeding *in rem*, the court rendered judgment by default upon service by publication: *Held*, that in suits by publication the plaintiff is held to a strict compliance with every requirement of the law.

[NOTE.—This section has now been amended to read as follows: The 14th section of an act entitled "An act concerning proceedings in the district court," passed March 16, 1848, be, and the same is hereby, amended, so as to read as follows: "When any property, of any kind, in this State, may have been granted, or may have accrued, to the heirs, as such, of any deceased person, any person having a claim against them relative to such property, if their names be unknown to him, may bring his action against them, their heirs, or legal representatives, as the heirs of their ancestor, describing them by his name; and if the plaintiff, his agent, or attorney, shall, at the time of instituting his suit, or at any time during the progress thereof, make affidavit that the names of the heirs, their successors, or legal

representatives, or names of the heirs, successors, or legal representatives of any deceased person, party to such suit, are unknown to him, the clerk of the court shall issue a like writ, directed to the proper officer, commanding him to summon such heirs, successors, or legal representatives whose names are unknown, giving the name of their ancestor, by making publication of the citation in some newspaper published in the county where the writ issued, if there be one so published, but, if not, then in a newspaper of the nearest county in which one is published, for eight weeks previous to the return day of such process; when such notice is given, and no appearance is entered within the time allowed for pleading, the court shall appoint an attorney to defend in behalf of such heirs, successors, and legal representatives, and proceed as in other cases; and the court shall allow such attorney a reasonable compensation for his services, and enter judgment therefor, as in other cases, which judgment shall be a lien on the property in controversy." This act took effect from passage, November 9, 1866.]

ERROR from Walker. The case was tried before Hon. PETER W. GRAY, one of the district judges.

Wyser sued Allen "as a non-resident," on the 16th February, 1857, on sundry small notes and accounts, amounting to $767 25, and *only prayed for process* and *judgment,* but not for an attachment, or sequestration, or other matter *in rem.* The plaintiff annexed his affidavit, that "the defendant in said petition is absent from the State of Texas, and that I believe he is not a resident of said State." The clerk issued his writ, which, after reciting the affidavit, ran thus: "These are therefore to command you to summon the said Benjamin D. Allen, by publication of this citation in some newspaper published in the county of Walker, in said State, if there be one, but if there be none, then in a newspaper published in the nearest county to said Walker county, to be and appear before the honorable judge of the district court of Walker county, on the fourth Monday in October next, in the town Huntsville, Walker county, then and there to answer the said petition of said Wyser, wherein it is charged, that the said Allen is indebted to the said Wyser in the sum of $767 25, as follows: $94 25 due by note on the 24th July, 1855; $35 due to

W. Calhoun on 6th September, 1855, by notes, and afterwards assigned and transferred to said Wyser; $60 due by account for money loaned to said Allen on boat; $500 loaned to said Allen due by account; $13 for negro hire due by account; and $65 for wood, storage, &c., due by account. Said petition concludes with a prayer for judgment against said Allen for the aforesaid sums of money, making in all the sum of $767 25, interest and costs, and that said Allen be summoned by publication, and a further prayer for general relief."

"These are, therefore, to command you to summon the said Benjamin D. Allen, by publication of this citation in some newspaper published in the county of Walker," &c., &c., "to answer," [briefly reciting the several debts.] "Herein fail not," &c.

The sheriff's return read: "Come to hand September 16, 1857. In obedience to within command, I, A. Eastham, sheriff of Walker county, Texas, order this citation to be published in the Huntsville Item, a newspaper published in the town of Huntsville, Walker county, this 17th September, 1857.          A. EASTHAM, *Sheriff.*"

"Executed by having this citation published in the Huntsville Item, on 16th day of September, 1857.

"A. EASTHAM, *Sheriff.*"

The judgment recites: "Came the plaintiff, by attorney, and thereupon came a jury of good and lawful men," who were sworn to assess damages, and returned a verdict for $784 50, for which there was judgment, "for which execution may issue."

There was in the record a statement of facts, as required by the statute in *ex parte* cases. (Paschal's Dig., Art. 1488, Note 580.)

Allen, not being satisfied with this judgment, prosecuted error, and assigned as error the insufficiency of the writ and of the service.

No briefs have been furnished to the *Reporter*. Of course the attention of the court was not called to the question of the nullity of the judgment, where the proceeding was not *in rem*, and there was no personal service. (Paschal's Dig., Note 101, p. 17; Paschal's Annot. Const., Notes 218, 219, pp. 213–222.) It will also be seen that, because of the insufficiency of the writ and service, the court reversed the judgment and remanded the cause, without defining what would be the effect, upon another trial, of Allen's appearance to prosecute error.

COKE, J.—This is a judgment by default. A proper predicate was laid by the affidavit of the plaintiff for service of process on the defendant by publication. The writ issued in the case is defective in this, that it does not require the sheriff to make publication for four successive weeks, as required by the statute. The return of the sheriff states that he executed the writ by having it published in the Huntsville Item, "on the 16th day of September, 1857," which is manifestly insufficient. Publication of the process should have been made for four successive weeks previous to the return day, in a newspaper published in Walker county, and if there was no newspaper published in that county, then in the nearest county where a newspaper was published. (O. & W. Dig., Art. 418;) [Paschal's Dig., Art. 25, Note 233.] The return of the sheriff should have stated all the facts necessary to show that the writ had been executed in conformity to the requirements of the law. In *ex parte* proceedings of this character, when the defendant has not had actual notice of the suit, the plaintiff must be held to a strict compliance with every essential requirement of the law. (Goodlove v. Gray, 7 Tex., 484; Blossman v. Letchford, 17 Tex., 649.)

The return of the sheriff is not in conformity to law. It does not appear from the record that the defendant has been duly served with process. The judgment must, there-

fore, be reversed, and the cause remanded for further proceedings.

ORDERED ACCORDINGLY.