## L. W. HEWETT v. J. T. THOMAS.

1. Plaintiff brought an ordinary action *in personam* on a promissory note, but afterwards, by an amended petition, set up a mortgage and prayed foreclosure. *Held*, that he was bound to serve the defendant with notice of the amended petition.

2. Being sued on a note, the defendant answered that he had made payments to the plaintiff's attorney, who held the note for collection. Plaintiff excepted, because the answer did not aver that plaintiff had authorized his attorney to receive other payment than money ; and the court below sustained the exception. *Held*, error.

3. Defendant, being sued on a note, answered that he had given plaintiff a mortgage on certain land, to secure the note ; that plaintiff placed both note and mortgage in an attorney's hands for collection ; that, by payments to the attorney, and by offsets, defendant had fully satisfied the debt, and plaintiff's attorney had surrendered to him the mortgage. Plaintiff excepted, because the answer did not aver that the mortgage was surrendered by the plaintiff himself, or that he had authorized his attorney to surrender it. *Held*, error to sustain the exception.

4. Exceptions to defendant's answer being sustained in the court below, he asked leave to amend. The court below granted the leave, but on condition that the amendment be filed *instanter*. This was error, to the prejudice of defendant.

APPEAL from Kaufman.   Tried below before the Hon. John G. Scott.

The opinion indicates the case.

J. J. *Hill*, for the appellant, cited Lee *v.* Hamilton, 12 Texas, 413, to show that defendant below was entitled to notice of the amended petition setting up the mortgage.

No brief for the appellee.

WALKER, J. . . It is assigned for error in this case, that the court erred in sustaining plaintiff's exceptions to defendant's answer.   We think the error is well assigned.

At the January term, 1872, the plaintiff, having originally sued on a promissory note for four hundred and thirty-nine dollars, amended his petition and sought to foreclose a mortgage.   No copy of the amended petition or citation was served upon the defendant.

The record is very defective; the charge of the court is not found; there is no statement of facts, nor does it appear what action was taken on the defendant's motion for a continuance.

But the errors apparent upon the record are of such a character as not to be passed over.   The exceptions to the answer are not well founded in law.   The first is that the defendant does not aver that the plaintiff ever authorized J. T. Stanley to receive anything in payment of the note, except money.   Second, because the defendant does not aver that the plaintiff ever surrendered the mortgage to the defendant, or authorized his attorney to surrender it.

The appellant alleges that he furnished pasturage to the appellee, and not to his attorney, for a large number of stock, and that the appellee received the pasturage for his stock, and that it was worth one hundred dollars.   There could be no exception to this pleading, and if the facts had sustained it, the offset should have been allowed.

The court erred also in ruling the defendant to file an amended answer *instanter ;* and there was error in permitting the plaintiff to declare on the mortgage without legal notice to the defendant ; and the judgment foreclosing this mortgage is erroneous, without notice having been given to the defendant.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded. ·