ISAAC D. LYON v. MARY D. PASCHAL, ADM'X.

SERVICE OF CITATION BY PUBLICATION.—This court has often held that a sheriff's return showing only that service of citation was made "by causing publication of the writ" in a newspaper published in the county, is insufficient and will not sustain a judgment by default.

ERROR from Bexar. Tried below before the Hon. George H. Noonan.

August 31, 1869, W. D. Mayo, administrator of the estate of I. A. Paschal, sued Isaac L. Lyons, a non-resident, on an account for money advanced for pay for legal services, &c.

In the record appears a citation and brief statement of the allegations in the petition, with the sheriff's return, "came to hand October 27, 1869, and executed same day, by causing the publication of the within writ of citation in 'The San Antonio Weekly Star,' a weekly newspaper published in San Antonio, Bexar county, Texas," signed by the sheriff.

---

---

The clerk, in his certificate to the transcript, states that the copy of citation and return were taken from a printed copy on file in the papers of the case, and that no original citation is on file.

Mrs. Mary C. Paschal, administratrix *de bonis non*, made herself a party plaintiff; on November 20, 1870, judgment by default was rendered, and on execution of a writ of inquiry a verdict was rendered for plaintiff against Lyons for $4,422.87, on which judgment was rendered.

Petition for writ of error and error bond were filed May 26, 1873, by Lyons.

*Chandler, Carleton & Robertson,* for plaintiff in error, cited Goodlove *v.* Gray, 7 Tex., 483; Blossman *v.* Letchford, 17 Tex., 647; Allen *v.* Wyser, 29 Tex., 150.

*Waelder & Upson,* for defendant in error.

Moore, Associate Justice.—Where suit is brought against a non-resident, the statute directs that the defendant shall be summoned by making publication of the citation (which shall contain a brief statement of the cause of action) in some newspaper published in the county where the writ is issued, if there be a newspaper published in said county, but if not, then in the nearest county where a newspaper is published, for four weeks previous to the return day of such process.

The record in this case, if we can regard the copy of the citation and the return of the sheriff copied in the transcript as any part of it, shows that the sheriff did no more than to make, on the day on which the citation issued, a mere order for its publication. It has been repeatedly decided by this court that such a return does not show proper service of the citation, and will not warrant a judgment by default. (Blossman *v.* Letchford, 17 Tex., 649.) And if, in consideration of the fact stated in the certificate of the clerk, we discard from our consideration this part of the transcript as properly forming no part of it, then it contains nothing whatever to

show that the defendant had any notice of the suit against him, by publication or otherwise. The judgment entry does not even recite that there was any such service, if, indeed, any intendment or presumption of service could arise from such recital, when the judgment is under review on appeal or by writ of error.

Unquestionably, then, the judgment was unauthorized. It is therefore reversed, and the cause is remanded.

REVERSED AND REMANDED.