## LEWIS W. HEWITT v. JOHN T. THOMAS.

1. SUIT BY PUBLICATION — PRACTICE — AMENDMENT.—When by amendment an allegation is made of such a nature that the defendant should be served with notice, and such service was had by publication, there being no appearance, the proceedings will be considered as if in a "suit by publication," and unless the record contain a statement of facts, such judgment will be reversed.

2. SERVICE BY PUBLICATION.—Since the "act of March 15, 1875, prescribing the mode of service in certain cases," the affidavit of the person making such publication is required in addition to the return of the sheriff showing that the publication had been made.

ERROR from Kaufman. Tried below before the Hon. M. H. Bonner.

The facts appear in the opinion.

*J. J. Hill,* for plaintiff in error.

I. There was no sufficient predicate in plaintiff's petitions to authorize citation by publication.

II. A prayer for citation by publication was necessary. (Sayles' Plead., § 70, and authorities there cited.)

III. There should have been a prayer for gold. (Paschal's Dig., 1427.)

IV. The service by publication was under the act of 1875. (Gen. Laws of 1875, p. 170.) The service was not complete. (Burr *v.* Lewis, 6 Tex., 76; O'Conner *v.* Towns, 1 Tex., 107.) There was no affidavit. Strict observance of this statute required. (Edrington *v.* Allsbrooks, 21 Tex., 186.)

V. There was no statement of facts. (Paschal's Dig., art. 1488; see authorities under this article.)

VI. The court had no jurisdiction. This suit was a proceeding *in personam* without personal service. Jurisdiction is acquired in case of non-residence of the defendant through the property; not over the person, but over the property. (Herrington *v.* Williams, 31 Tex., 457; Ward *v.* McKinzie, 33 Tex., 314; Cooper *v.* Reynolds, 10 Wall., 308; Eaton *v.* Badger, 33 N. H., 228; 2 McLean, 511.)

*S. Robertson,* for defendant in error.—The amended petition, declaring upon a mortgage, having been filed after defendant had answered, was not required to be served upon the defendant. (De Walt *v.* Snow, 25 Tex., 320; Morrison *v.* Walker, 22 Tex., 18.)

Article 25, Paschal's Dig., is not repealed by act of 15th March, 1875; and neither act requires the affidavit of the publisher to accompany the return.

GOULD, ASSOCIATE JUSTICE.—When this case was before this court on a former appeal, (37 Tex., 520,) it was held, that the defendant had no legal notice of the amended petition, setting up the mortgage. When the case was remanded, on this and other grounds, the plaintiff, whose pleadings there-

tofore described the defendant as a resident of the county when suit was brought, made, by his attorney, an affidavit, dated April 28, 1865, that "the defendant, L. W. Hewitt, is a non-resident of the State of Texas," and thereupon citation, by publication, was issued and returned. We do not feel called upon, in this state of the case, to examine the record for the purpose of ascertaining whether the defendant was not in court, by his attorney, after the amendment was filed, and before the rendition of the judgment which was reversed. The record, which is before us, does not contain the first judgment, and there may be other matters omitted, which were embraced in the record as it was passed upon by our predecessors, and which affected their conclusion that defendant had no legal notice of the amendment. However that may have been, we think that we should pass upon the case as if it were in fact necessary, after its reversal, to cite the defendant to answer the amended petition, and as that citation was had by publication, so far as the enforcement of the mortgage is concerned, the judgment, which was by default, must be treated as rendered in a suit where service of process was made by publication only. In such cases, the statute requires that "the court should make out and incorporate with the records of the case a statement of the facts proven therein, on which the judgment was founded." (Paschal's Dig., art. 1488; McFadden v. Lockhart, 7 Tex., 575; Davis v. Davis, 24 Tex., 187.)

One of the errors assigned is, that the record does not contain any such statement of the facts proven, and as we find in the record nothing which purports to be such a statement, the judgment must, for this cause, be reversed.

Another assignment of error is, "that there is no sufficient return of citation by publication, there being no affidavit of the publisher, as required by statute."

This assignment is based on the provisions of an "Act prescribing the mode of service in certain cases," approved March 15, 1875, the very day on which the Legislature that passed

it adjourned, and taking effect, under the general statute on that subject, sixty days thereafter. (Paschal's Dig., art. 4576.) At the time the citation issued, April 30, 1875, this statute had not taken effect, but, at the time it was returned, June 7, 1875, it was in force. Under the law in force when the citation issued, no affidavit of the publisher was required, and the return of the sheriff, showing that publication was made, was of itself sufficient. (Goodlove v. Gray, 7 Tex., 484; Blossman v. Letchford, 17 Tex., 649; Paschal's Dig., art. 25.)

The act of 1875 provides: "That any person made defendant to any civil suit may be cited by publication, upon the plaintiff, his agent or attorney, making affidavit that the defendant is a transient person, that his residence is unknown, or that he is a non-resident of the State of Texas." "Sec. 2. That said citation may be published in any newspaper published in the county where the suit is pending, and if there be no paper published in said county, then it must be published in the nearest paper to the county seat where the suit is pending. Said citation shall be published for four weeks prior to the sitting of the court, and no judgment shall be taken in said cause until the second term after the citation is served. The person publishing such notice shall make an affidavit, showing the length of time he published the same, and the return of the officer making such service must show how he executed the same; Provided," &c., proceeding to authorize actual service, evidenced by the oath of the party making it, upon any other or non-resident defendant. This statute is imperative that the affidavit shall be made, and, whilst it does not in terms require that it be filed with the papers of the case, we think the evident meaning is, that it must appear, from the record, that the affidavit was made. The objection to the return of service is, under the statute, well taken.

It is not necessary, in this case, to decide what effect the act just recited, has upon the 13th section of the act of 1848,

concerning proceedings in the District Court. (Paschal's Dig., art. 25.)

It is deemed proper, however, to say that the recent statute seems to use the expression "cited by publication" with reference to that character of citation which has heretofore been in use, and which is pointed out in article 25, Paschal's Dig., and further, that it is not believed that the act under consideration introduces any new rule as to the proper term of court at which to take judgment.

It is not necessary to notice other errors assigned, further than to say that they do not appear to be well taken. The position that, as both plaintiff and defendant were non-residents, the court could only acquire jurisdiction by the seizure of property, has been settled adversely in recent decisions of this court. (Battle, Heck & Co. v. Carter, 44 Tex., 485; Wilson v. Zeigler, 44 Tex., 657.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.