H. W. MOORE v. JANE RICE, G. F. MOORE, INTERVENOR.

51   289
88   314
88   508

1. DEATH OF PLAINTIFF.—Under our statute, suits, whether equitable in their nature or not, do not abate on the death of the plaintiff, but may be revived by the executor or administrator, and under some circumstances by the heirs.

2. SAME—PARTIES.—If a suit be prosecuted by a nominal plaintiff for the benefit of a party named in the pleadings, then on the death of such plaintiff the suit may proceed in the name of the beneficiary.

3. SAME — NECESSARY PARTIES.—Where the suit on the face of the petition appears to be for the benefit of the plaintiff, then upon the death of the plaintiff the suit cannot be prosecuted in the name of an alleged assignee or beneficiary until the legal representatives or heirs of the deceased have been cited and allowed opportunity to admit or contest the right claimed.

### ON REHEARING.

4. SERVICE BY PUBLICATION.—The "Act prescribing the mode of service in certain cases," approved March 15, 1875, requires that the publisher of the newspaper make affidavit showing the length of time the publication was made. Since said act, the absence of such affidavit is fatal to the service.

APPEAL from Houston. Tried below before the Hon. R. S. Walker.

The facts are stated in the opinion.

*Moore & Spence,* for appellant.

*Nunn & Williams,* for appellees.

GOULD, ASSOCIATE JUSTICE.—The judgment in this case is complained of by both parties, the intervenor as well as the appellant having assigned errors. We have found, however, at the threshold of the case, the question, whether, after the death of Jane Rice, the sole plaintiff, the necessary parties were brought into court to enable it to proceed to judgment. After her death was suggested separate pleas of intervention were filed, by leave of court, by G. F. Moore and D. A. Nunn, claiming, by assignments from and under Jane Rice, all interest and all rights asserted by her in her suit, and seeking to prosecute the suit in their own right. These pleas were excepted to by defendant H. W. Moore, on the ground that there was no party plaintiff, and that until her heirs or representatives were made parties the cause could not proceed. It appears by bill of exceptions that the court over-

ruled these exceptions of defendant. At a subsequent term, a different judge presiding, the exceptions were sustained, and it was ordered that *scire facias* issue "to legal representatives of Jane Rice, deceased, to wit, Virginia Love and her husband, Wyatt Love, and Samuel Rice." In an amended plea of intervenors, these persons are asked to be made parties as being the only heirs at law of Jane Rice. Subsequently, Love and wife appear and say that the entire estate of Jane Rice is claimed by intervenors; and whilst they file pleas disputing that claim, they object to the prosecution of the suit or to being made responsible for costs. The record shows nothing of citation to or service on Samuel Rice, nor of any appearance by him; nor do we find any recitals in the judgment or subsequent rulings of the court from which it can fairly be inferred that he was regarded as in court. The judgment makes no mention of the heirs of Jane Rice, but does adjudge a portion of the costs against her estate to be paid in due course of administration. It abundantly appears that her estate was not administered, and, by some of the amended pleas of intervenors, it was alleged that she left no debts, and that there was neither occasion nor power to administer.

At various stages of the case down to his motion for new trial, defendant repeated his objection of the want of a party plaintiff, and although at times his objection pointed to the unwillingness of the heirs to be made plaintiffs, the objection to the right of the intervenors to proceed with the cause was sufficiently made, and is sufficiently presented here by more than one of the assignments of error.

In reply to this assignment, the following propositions are made by counsel: 1st. "The court did not err in the ruling complained of, because the intervenors showed by their pleas that they had, and of right were entitled to, all the interest of the original plaintiff (Jane Rice) in the suit, and she having died during the pendency of the suit, and there being no administration on her estate, and no occasion for administra-

tion, it was proper for the parties holding the interest to make themselves parties plaintiff and protect their interest by prosecuting the suit to effect."    2d.    "Whatever may be the rule at law, in equity suits never abated on death of. plaintiff, but were only suspended until proper parties could be made and purchasers *lis pendens* could come in by a bill in the nature of a bill of revivor."

Certainly, under our statute, suits, whether equitable in their nature or not, do not abate on the death of the plaintiff, but may be revived by the executor or administrator, and under some circumstances by the heirs of the deceased. (Paschal's Dig., art. 6; Lacy *v.* Williams, 8 Tex., 187.)

If a suit be instituted in the name of one person professedly on its face for the benefit of another, then on the death of the nominal plaintiff the suit may proceed in the name of the beneficiary, without reviving in the name of the representatives or heirs. (Paschal's Dig., art. 10; Price *v.* Wiley, 19 Tex., 144; 34 Tex., 139.) If, however, the suit appears on its face to be for the benefit of the plaintiff, we know of no authority, neither under our statutes and system of procedure nor under the rules of pleading and practice in equity, for allowing it, after the death of the plaintiff, to proceed in the name of an alleged assignee or beneficiary, until the representatives or heirs of the deceased have been cited and allowed an opportunity to admit or contest the right claimed.

It is true, that in equity suits do not abate on death, but that a bill of revivor will lie by the personal representative or heir according to the nature of the bill, and that in favor of a devisee or purchaser a bill in the nature of a bill of revivor will lie; but to a bill of the latter class the heirs or representatives of the deceased must be parties. Says Justice Story: "When a party plaintiff dies, whose interest is transmitted to some other person, if the title be that of mere representative in law, there is no change in the title itself, and the only question that arises is, who is the person entitled to take as representative,—that is, in respect to real estate, who

is the heir, and in respect to personal estate, who is the executor or administrator? When this fact is ascertained, the person succeeds by operation of law to the whole title of the deceased. A bill of revivor in such case merely substitutes the representative in lieu of the deceased, and states no new fact as to title, except that of transmission by operation of law. The title of representative or heirship, at least in a court of chancery, is not disputable; but the person in whom it is vested is alone to be ascertained. But when a party plaintiff claims a title by purchase or devise, he introduces a new title not previously in the case, and which is controvertible, not merely by the defendants in the bill, but also by the heirs at law. As to these parties the suit is original; it does not merely revive the old suit, but it states new supplementary matter calling for an answer. So far, then, as it states such matter, it is an original bill; and so far as it seeks to revive upon that matter, it is in the nature of a bill of revivor." (Slack v. Wolcott, 3 Mason, 512.) In the same opinion, Justice Story quoted from Lord Chief Baron Gilbert, who, in giving his reasons why "a devisee or assignee of any plaintiff cannot have a subpœna *ad revivendum* after the decease of such plaintiff," says: "Because, where a party devises or assigns his interest and dies, if the devisee or assignee were to bring his bill of revivor against the defendant, the heir or executor would be pretermitted, who might have a right to contest such disposition; and therefore he must bring his original bill and make the heir or executor a party." (See also Story's Eq., sec. 379; 2 Dan. Ch., 4th Am. ed., pp. 1518–1524; Russell v. Craig, 3 Bibb, 377; Webster v. Hitchcock, 11 Mich., 56; Peer v. Cookerow, 14 N. J. Eq., 361.)

The rule in equity is, that all persons materially interested in the subject-matter of the suit ought generally, either as plaintiffs or as defendants, to be made parties. (1 Dan. Ch., ch. 5, p. 190.) If there were any good reason why the heirs were not made parties, it should, according to the practice in equity

in the courts of the United States, have been stated in the pleadings of the intervenors. (Eq. Rule 22, U. S. Courts; Story's Eq., sec. 78, *et seq.*) If, when cited, the heirs dispute the right asserted by the intervenor, but refuse themselves to prosecute the suit, they should be retained as parties defendant and the intervenor allowed to proceed with the suit. ( 1 Danl. Ch., 191, note 5.)

In the reply of counsel to appellant's brief, it. is claimed that the record shows that the heirs of Jane Rice were duly cited and made parties. Love and wife appeared and moved to dismiss the suit. They also filed an answer, but after their motion to dismiss the suit was overruled, they disappeared from the case, and no notice of them appeared in the final judgment. The record nowhere shows Jane Rice, one of the heirs, to have been cited, nor that she appeared or was treated as in court.

The proper parties not having been made, it was error in the court to allow the intervenors to proceed to trial. For this error the judgment must be reversed, and, in the absence of proper parties, we abstain from passing on any other of the numerous questions presented in the record.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Chief Justice MOORE did not sit in this case.]

ON REHEARING.

Appellee filed a motion for *certiorari* and rehearing, accompanied by a certified copy of a citation by publication for Samuel H. Rice, one of the heirs of the plaintiff, Jane Rice.

The transcript showed the following return by the sheriff, indorsed on the writ, which bore date July 5, 1875:

" Came to hand same day issued, and duly executed by having a true copy of the within writ published in the *East*

*Texas Patron*, a newspaper published in Houston county, for four successive weeks.

> "J. L. SHERIDAN,
> *Sheriff H. Co.*"

There was no affidavit of the publisher of the newspaper as to the time the publication was made.

*D. A. Nunn*, for motion.

*Moore & Spence*, resisting.

GOULD, ASSOCIATE JUSTICE.—The certified copy of the citation by publication for Samuel H. Rice and of the sheriff's return thereon, fails to show when said publication was made, and, as in other cases where the date of service does not appear, the return is defective. (Paschal's Dig., art. 5121; Williams *v*. Downes, 30 Tex., 52; Whitaker *v*. Fitch, 25 Tex. Supp., 309; Sloan *v*. Batte, 46 Tex., 215.) The evidence of service is also defective, because the citation issued after the "Act prescribing the mode of service in citation cases," approved March 15, 1875, had taken effect, and it does not appear from the record that the publisher of the newspaper made affidavit showing the length of time the publication was made. Since the enactment of that statute, it must appear from the record that such affidavit was made. (Hewitt *v*. Thomas, 46 Tex., 232.)

Because the exhibit attached to the motion for rehearing fails to show that Samuel H. Rice had been cited by publication or otherwise, and because, in our opinion, it was error in the court to proceed to try the case on the imperfect return of the citation by publication, the motion for rehearing and *certiorari* is overruled.

MOTION OVERRULED.