JOHN CHAFFEE, BRO. & SON v. F. B. BRYAN & CO.

(No. 977, Op. Book No. 2, p. 303.)

ERROR from Dallas County.   Opinion by WHITE, P. J.

§ 770. *Service of citation by publication; requisites of; return of service; what it must show.* The judgment in this case was rendered against plaintiff in error by de-

fault on what purported to be service by publication. The
sheriff's return is as follows: "Came to hand same day
issued, and executed by publishing this citation for four
successive weeks in the Dallas Herald, a weekly paper of
Dallas county, Texas, a copy of which is hereto at-
tached." This citation was issued on the 5th day of
January, 1876. The petition stated the residence of
plaintiff in error (defendants below) to be in the state
of New York. The law then in force [Gen. Laws 1875,
p. 170] required that the citation should be published "for
four successive weeks prior to the sitting of the court."
And also, "the person publishing such notice shall make
an affidavit showing the length of time he published the
same, and the return of the officer making such service
must show how he executed the same." The record does
not disclose any affidavit of the publisher of the news-
paper as to the time the publication was made. In *ex
parte* proceedings like this, in which the defendant has
not had actual notice of the pendency of the suit, the
plaintiff will be held to a strict compliance with every es-
sential requisite of the law, and more especially is this the
case in the proceedings by and through which the court
acquires jurisdiction of the person of a non-resident de-
fendant. The sheriff's return in such cases must state all
the facts necessary to show that the writ had been exe-
cuted according to the terms of the law. The sheriff's
return in this case does not show when the publication
was made, nor that it was made "for four successive
weeks prior to the sitting of the court." The objection
to the service and return is well taken. [Goodlove v.
Gray, 7 Tex. 484; Blossman v. Letchford, 17 Tex. 649;
Allen v. Wyser, 29 Tex. 153; Lyon v. Paschal, 45 Tex.
436.]

§ 771. *Affidavit of publisher indispensable in service of
citation by publication.* The affidavit of the publisher,
showing the length of time the publication had been
made, was an indispensable requisite to obtain service
under the law then in force. As said by the court in

Hewitt v. Thomas, 46 Tex. 235: "This statute is imperative, that the affidavit shall be made, and whilst it does not in terms require that it be filed with the papers of the case, we think the evident meaning is, that it must appear from the record that the affidavit was made." [Moore v. Rice, 51 Tex. 295.] [NOTE.— The publisher's affidavit is not now required. See the requisites of the officer's return, R. S. 1238; § 419, *ante*, p. 184.]

**§ 772.** *Statement of facts must be filed where service is by publication, etc.* The record does not show that the court below made out and incorporated with the record of the case a statement of the facts proven upon the trial, and upon which the judgment was founded. It is well settled that, in cases like the present, the statement is an essential requirement of the law. [McFadden v. Lockhart, 7 Tex. 575; Davis v. Davis, 24 Tex. 187; Hewitt v. Thomas, 46 Tex. 234.] [NOTE.— See R. S. 1345, upon this subject.]

January 22, 1881.　　　　Reversed and remanded.