BURNS & JORDAN v. W. W. BATEY.

(No. 2591, Op. Book No. 4, p. —.)

ERROR from Mitchell County. Opinion by WHITE, P. J.

§ 419. *Citation by publication; sheriff's return; judgment by default.* It is required that citations by publication be published once a week for four consecutive weeks previous to the return day thereof in some newspaper (if such there be) in the county. [Rev. Stats. art. 1235.] How and in what manner the officer's return of such citation is made is provided for in art. 1238, Rev. Stats.,

which reads: "The return of the officer executing such citation shall be indorsed or attached to the same, and shall show where the citation was executed and the manner thereof, specifying the dates of such publication, and shall be signed by him officially." This statute changes the mode as prescribed by the act of March 15, 1875, which, in addition to the return of the sheriff, required the person making such publication to make affidavit thereof [Hewitt v. Thomas, 46 Tex. 232]; and the absence of the affidavit of the newspaper publisher was always held fatal to the service. [Moore v. Rice, 51 Tex. 290.] Now the affidavit of the publisher is no longer required, and such an affidavit cannot cure defects in an insufficient return of the officer.

Where the return of the sheriff upon a citation by publication was: "Came to hand this 28th day of October, 1881, at 11 o'clock A. M., and executed by having the within writ published for four successive weeks previous to return day," signed by sheriff; and accompanying this return was the affidavit of the editor of the Courant newspaper that the citation was published four consecutive weeks in that paper, giving dates, *held*, that the return was not in conformity with, nor sufficient under, the law now in force.

§ 420. *Citation by publication; appointment of an attorney to defend, when; statement of evidence.* Where service of citation has been made by publication, and no answer has been filed within the time prescribed by law, the court shall appoint an attorney to defend the suit, and judgment shall be rendered as in other cases; but in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers in the cause as a part thereof. [Rev. Stats. art. 1345.] Unless these requirements are complied with, the judgment will be reversed. [Hewitt v. Thomas, 46 Tex. 232.]

§ 421. *When judgment may be rendered on citation by publication.* In all cases in which service of the citation has been made by publication, the answer shall be filed

on or before appearance day of the term next succeeding that to which the citation is returnable. [Rev. Stats. art. 1264.] The defendant not being bound to appear and plead before appearance day of the next succeeding term, no valid judgment could be taken against him before that time.

§ **422.** *Contract; breach of; in suit for, what necessary to be alleged and proven.* Where suit was brought on a contract wherein it was stipulated that the obligation of the defendant should be dependent upon the performance of a condition by the other contracting party, *held*, that inasmuch as defendant's liability depended upon the performance of the condition precedent, neither the original contracting party nor his assigns had a cause of action until such condition was performed, and the petition failing to allege such performance, failed to state a good cause of action.

*Willson, J., did not sit in this case, having been of counsel.*

May 23, 1883.                    Reversed and remanded.