Reversed and remanded.

---

### JOHN C. HAYS AND SAMUEL CALVERT V. AUGUSTINE BARRERA AND WIFE, ADM'RS OF J. M. SALINAS, DEC'D.

To an action by administrators for the recovery of real estate granted by the government to their intestate, a plea in abatement that the "intestate of the plaintiffs was an alien to the State of Texas, and that his heirs, for whose benefit the suit was brought, are and ever have been aliens to the State of Texas, and are and ever have been citizens of the Republic of Mexico," presents an immaterial issue, and is fatally defective. Errors, therefore, assigned to the charge of the court upon such a plea are immaterial.

A judgment rendered in 1839, in a suit wherein both plaintiff and defendant were non-residents, and in which there was no personal service on defendant, and no attachment issued, nor was the practice under the Chambers decree conformed to, but in which the only service pretended was by publication, is a nullity ; and it was not error to exclude such a judgment from the jury as evidence of title under an execution emanating therefrom.

If a party, claiming under a defective title, go into possession of a tract of land, and afterwards, but before the expiration of the term of limitations, the true owner take possession of part, claiming the whole, the possession of the claimant under the defective title is thereby interrupted, except as to such portions as remain in his actual occupancy ; and as to the remainder, the statute of limitations ceases to run in his favor from the time the true owner so takes possession.

The case of Clark's Lessee v. Courtney et al., 5th Peters' S. C. R., 353, cited and approved.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This action was brought by Barrera and wife as administrators of Jose Maria Salinas, deceased, against John C. Hays and Samuel Calvert, for the recovery of two leagues and two labors of land in Bexar county, which, as the plaintiffs allege, were originally granted to their said intestate, but to which, they charge, the defendants pretend title under execution sale made under a pretended judgment obtained by one J. M. Vann against their intestate in the year 1839, which judgment they aver to be fraudulent and void.

The defendants first pleaded in abatement, "that the plaintiffs ought not to have or maintain their said suit for this, that the parties' or plaintiffs' intestate are and were aliens to the State of Texas, and that the heirs of the plaintiffs' intestate, for whose benefit this suit is brought, are and ever have been aliens to the State of Texas, and are and ever have been citizens of the Republic of Mexico."

The issue under this plea being submitted to a jury, the court charged that, "if you believe from the evidence that the wife of Barrera is the sister of the deceased Salinas, and that she is a resident or citizen of Texas, or that Salinas was living in Texas in June, 1836, you will find against the plea in abatement;" which charge is assigned by the appellants for error.

Upon the merits, the defendants pleaded the statutes of limitation of three, five, and ten years, and set up title in themselves by purchase at sheriff's sale under execution issued upon the judgment in favor of Vann against Salinas, already referred to.

With reference to the statutes of limitation, the evidence showed that the defendants, by a tenant, had been in actual possession of a small part of the land, paying taxes thereon, for a period sufficient to constitute a bar; and that the plaintiffs, before the bar was complete, went into possession, by their tenants, of other portions of the land. The defendants asked the court to charge the jury, "that the possession of Hays was uninterrupted until suit brought by the plaintiff;" which the court gave, with the modification, "only so far as a possession by plaintiffs might cut down or limit his right to recover to the bounds of his improvements or actual

possession." The modification of the charge thus given is also assigned by the appellants as error.

The judgment under which defendants set up title was rendered by the District Court of Bexar county, at the October term, 1839, upon a proceeding styled a "bill of injunction," instituted by " Samuel Williams, attorney for J. M. Vann, against Jose Maria Salinas," in which it was alleged that Salinas was a non-resident of the State of Texas, and citation by publication therefore prayed and ordered. There was no attachment sued out, no curator appointed, nor was the mode of citation of non-residents provided by the decree of Coahuila and Texas, No. 277, of April 17th, 1834, pursued. The judgment upon this proceeding was excluded from the jury by the court below, and the jury were instructed that there was no judgment against Salinas before them; which is also assigned by appellants as error.

The issue under the plea in abatement was found in favor of the plaintiff; and the verdict on the merits was also in their favor, " with the exception of the patch enclosed and improved by Smith," (defendant's tenant,) "on the land, 5 acres." Judgment accordingly, from which defendants appealed.

*N. O. Green*, for appellants, cited 1st Daniel's Chancery Practice, 512; 9th Tex. R., 313; 13th Tex. R., 119; 18th How. R., 239.

*Russell Howard*, for appellees, cited 5 Tex. R., 276; 4 Pet. U. S. R., 466; 14 How. U. S. R., 334; 10 Tex. R., 339; 2 Tex. R., 239; 13 Tex. R., 332; 4 Paige's R., 55; 5 Cond. U. S. R., 668; 2 Id., 241; 1 Id., 570; 11 How. U. S. R., 420 and 425; 9 Cowen's R., 229; 9 Mass. R., 79; 3 Phil. Ev., 826, and cases there cited; 1. N. C. R., 404; 6 How. Miss. R., 106; 1 Tex. R., 398; U. S. Dig., 5; 1 Pike R., 268; 14 How. U. S. R., 343; 7 Tex. R., 1; 3 Tex. R., 157; 2 Mass. R., 206.

ROBERTS, J. The alleged errors in the charge upon the plea in abatement are immaterial, because the plea was itself entirely defective. The petition showed that the land sued for was granted

to Salinas by the government, and the administrators of his estate were bringing this suit for its recovery. It was therefore immaterial whether his heirs, for whose benefit the suit may have been brought, were aliens, resident in Mexico, or not. (White v. Sabariego, 23 Tex. R., 243.)

The plea in abatement states what might be a good plea if it did not appear in the petition that the land sued for was granted to Salinas. A plea to be good must be shaped so as to constitute an answer to the material facts alleged in the petition. (Id., 246.)

The court did not err in rejecting the record of the judgment and sale of the land in the case of Vann v. Salinas, offered by appellants to make out a title. The petition in that case shows that both plaintiff and defendant were non-residents, and the only service was by publication, and no attachment was taken out. The attachment law of 1839 was then in force, and provided an ample remedy for the case where plaintiff and defendant were non-residents. The mode of obtaining service in that suit did not comply with that law, nor did it conform to the practice under the Chambers' decree. No statute then authorized publication upon such a proceeding, and a plain remedy by attachment was open to the plaintiff. The judgment was therefore upon its face a nullity, and the court was correct in so treating it and excluding it from the jury.

The court did not err in qualifying the charge asked by appellants. The charge asked was, "that the possession of Hays was uninterrupted until suit brought by the plaintiffs," which was qualified by adding, "only so far as a possession by plaintiffs might cut down or limit his right to recover to the bounds of his improvements or actual possession." This was excepted to and assigned as error. Although it was shown that Hays had been in possession, by his tenant, under his deed, five years before the institution of the suit, it was also shown that before the expiration of such five years possession, appellees took and held possession through their tenant. In the case of Lessee of Clark et al. v. Courtney et al., the Supreme Court of the United States held, that "where a person enters into land under a deed or title, his possession is construed to be co-extensive with his deed or title;

6

and although the deed or title may turn out to be defective or void, yet the true owner will be deemed to be disseized to the extent of the boundaries of such deed or title. This, however, is subject to some qualification. For, if the true owner be at the same time in possession of a part of the land, claiming title to the whole, then his seizure by construction of law extends to all the land, which is not in the actual possession and occupancy, by enclosure or otherwise, of the party so claiming under a defective deed or title." (5 Peters' U. S. R., 353.) This will suffice to sustain the correctness of the charge as qualified.

There being no error, the judgment is affirmed.

Judgment affirmed.