BATTLE, HECK & Co. v. G. W. CARTER ET AL.

NON-RESIDENTS—JURISDICTION.—A non-resident can maintain an action by publication and without attachment against a non-resident defendant to foreclose a mortgage upon lands in Texas.

APPEAL from Harris.   Tried below before the Hon. James Masterson.

*Gustave Cook,* for appellants.

*F. Fauntleroy,* for appellees.

MOORE, ASSOCIATE JUSTICE.—The only question in this case is whether a suit can be maintained in the courts of this State by a citizen of another State against non-residents for the collection of a debt by foreclosure of a mortgage given to secure payment on land in this State when the defendants are cited by publication merely, and without attaching said land or other property of the defendants.

It is a universally admitted principle of international law that a judgment against a non-resident without personal service, unless the proceeding is *in rem*, is entitled to no consideration beyond the jurisdiction in which it is rendered. And for this reason it has always been held when the plaintiff and defendant are both non-residents, and the proceeding is not *in rem*, as by attachment or otherwise, and when neither the person nor property of the defendant is within the State, and the citation can be served upon the defendant by publication merely, our courts will not entertain jurisdiction of the case.   While they are as open to citizens of other countries as freely as to our own for the proper vindication of their rights, it has never been deemed appropriate for them to determine "issues sent from any part of the world," and where their judgment could have no probable effect upon the rights of the parties "except on the contingency of the defendants afterwards introducing property within the jurisdiction of the court."   When, therefore, the

action is to enforce payment of a debt, it has been uniformly held, unless property or credits have been brought within the jurisdiction of the court or subject to its control by attachment, the court will refuse to entertain jurisdiction of it. (Ward v. Lathrop, 4 Tex., 180; Same case, 11 Tex., 290; Wright v. Ragland, 18 Tex., 289; Haggerty v. Ward, 25 Tex., 144; Hays v. Barrera, 26 Tex., 81.)

But the principle running through all these cases is that, the demand upon which the action is founded being merely personal, the judgment must be of a like character, unless by attachment or otherwise property is brought within the jurisdiction of the court, which can be subjected to the judgment. And not that an attachment must issue if the subject-matter of the suit is otherwise within its jurisdiction or control. These cases show, if the parties are non-residents, it must appear that there is nevertheless a subject of litigation on or through which the judgment of the court can be carried into effect. It by no means follows, if there is a subject of litigation within the jurisdiction of the court, that it must be seized, and subjected to the judgment by attachment. It will hardly, I suppose, be denied that a suit may be brought by one non-resident against another that might involve or effect in some way the title to the land.

Certainly it would not be necessary to attach the land to give the court jurisdiction. And if the court can, without attachment, try and determine an issue of title between non-residents, or divest the title out of one and invest it in the other, we can see no reason why it cannot also subject it to the payment of a debt which is a lien upon it. An attachment is not required, in addition to the publication of the citation, for the purpose of giving the defendant notice of the suit, if it is of such a character as the court should act upon and determine it.

While personal notice to the defendant, unless the proceeding is *in rem*, is essential to the validity of the judgment beyond the jurisdiction of the court by which it is

rendered, every State has the undeniable right to prescribe the manner in which its own courts shall acquire and exercise jurisdiction, and to provide for the execution and enforcement of their judgments against either the persons or property within its limits. And certainly by no rule of procedure governing our courts in these respects can it be said, if the subject of adjudication is within their jurisdiction, that their judgments are any the less conclusive and binding as to non-residents than on our own citizens, because the citation has been served upon them by publication instead of personally, or for want of the seizure of their property by writ of attachment, if the court has otherwise acquired jurisdiction.

The object of this suit is to enforce payment of a debt by foreclosing the mortgage on land within the jurisdiction of the court, and subject to its process. An attachment would no more effectually subject this land to the judgment which may be rendered than it is already. We can therefore see no reason why appellants should be required to have one issued if they did not desire it. If the property should turn out inadequate to discharge the entire judgment on the notes, for so much as remained unsatisfied, it would, as is said in Ward *v.* Lathrop, 4 Tex., 180, never be of any consequence to either party, except on the contingency of the defendant's hereafter introducing property within jurisdiction on which the judgment could operate. But as the judgment on the notes is requisite to the foreclosure of the mortgage, a contingency of this kind is no reason why the court should not hear and determine the case as presented by the petition. If the land had been attached, it is admitted the court would have jurisdiction, and should give judgment for whatever amount might be found due the plaintiff. Yet it is equally obvious that the property attached might not satisfy the judgment.

The judgment is reversed and cause remanded.

REVERSED AND REMANDED.