J. E. ROLLER v. STEPHEN HOLLEY ET AL.

Delivered May 6, 1896.

Service on Non-Resident—Foreclosure of Vendor's Lien.

A vendor's lien on land may be foreclosed, as against a non-resident defendant, on service of the statutory notice.

APPEAL from Limestone. Tried below before Hon. RUFUS HARDY.

*Thos. J. Gibson*, for appellant.—A personal judgment against a non-resident can not be sustained where service of process is had without the jurisdictional limits of the State where the judgment is rendered and the defendant fails to appear and answer in the suit. Stewart v. Anderson, 70 Texas, 588; Pennoyer v. Neff, 95 U. S., 714; Story's Conflict of Laws, 639.

*Cobb & Jackson* and *Farrar, Williams & Farrar*, for appellees.— The suit of McClintic & Procter was to foreclose an express vendor's lien retained specially in deed and note, and was a proceeding in rem, and personal service had without the State, by serving copy of petition and notice, as provided by statute, is sufficient to sustain the judgment in that case. Battle, Heck & Co. v. Carter, 44 Texas, 485; Oswald v. Kampmann, 28 Fed. Rep., 36; Martin v. Pond, 30 Fed. Rep., 15; Pennoyer v. Neff, 95 U. S., 572, 573; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S., 729; Arnt v. Griggs, 134 U. S., 316; American Law Review, vol. 22, No. 5, 572; Am. and Eng. Ency. of Law, 143, note.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover a judgment against Stephen Holley and William Holley on five promissory notes, each for $228, and to foreclose a vendor's lien on 114 acres of land. Joseph Peeples, H. W. Williams, and W. T. Jackson, appellees, were made parties defendant, under an allegation that they were asserting an interest in the land, and a foreclosure of the vendor's lien was prayed for against them. Stephen and William Holley did not answer, but the other appellees filed an answer, alleging that appellant purchased the land from John W. and Cora E. Jordan, giving in part payment his note for $216.17, and that a vendor's lien was reserved to secure said note; that before the maturity of said note McClintic & Procter became the purchasers thereof, and in 1890 instituted suit in the District Court of Limestone County for a balance due on said note, and asked for a foreclosure of the vendor's lien on said land, and recovered judgment as prayed for, in the sum of $276.65, with a foreclosure of the vendor's lien; that an order of sale was issued under said judgment, and the land in question was legally sold to H. W. Williams, and a deed made by the sheriff to him, although it was bought for the joint benefit of said H. W. Williams and W. T. Jackson, and each paid one-half the purchase money, and that afterwards the land was sold by said parties to Joe Peeples. Appellant filed a supplemental petition, alleging that at the time of the institution of the suit by McClintic & Procter he was, and has ever since been, a citizen of the State of Virginia, and was not then, nor has ever been, a citizen of the State of Texas, and that the judgment of McClintic & Procter against him was null and void, because the District Court of Limestone County had no jurisdiction over him or his property; that service was obtained on him in Virginia, and the time given for him to appear and answer was not sufficient, and the same was not reasonable notice. The cause was tried by the court, and judgment by default was rendered against Stephen and William Holley for the amount of the notes, and in favor of the other appellees.

We adopt the following conclusions of facts:

1. That plaintiff John E. Roller purchased the land described in his petition from John W. Jordan and wife on January 3, 1887 and gave as part payment therefor his note for $216.17, bearing 10 per cent interest from date, due November 1, 1890, which note and deed from said Jordan and wife to Roller specially retained the vendor's lien to secure said note and interest.

2. That McClintic & Proctor became the purchasers of said note before maturity, and after it matured, on the 24th of December, 1890, brought suit in this court to recover of plaintiff the amount due on said note, and to foreclose said vendor's lien.

3. That at the date of the institution of said suit and ever since the plaintiff was a non-resident of Texas, and a citizen of Virginia, and has continually resided in that State all of his life.

4. That the plaintiff John E. Roller was served by having delivered

to him in person a certified copy of the citation or notice of said suit and with a certified copy of plaintiff's petition, such as is required by the statute of service on non-residents; and this notice and petition were served on plaintiff in Harrisonburg, Rockingham County, State of Virginia, on December 30, 1890, notifying him to appear on January 5, 1891, being the first day of the January term of court 1891. On January 9, 1891, the plaintiff failing to appear and answer in said suit, a judgment by default was entered against appellant for the sum of $276.05, and declaring a foreclosure of the vendor's lien on the land described in the petition in this suit as to said Roller.

5. That in said suit there was incurred in the trial and sale the sum of $23 costs.

6. That an order of sale issued, and said land was advertised for sale and bought by H. W. Williams for $300 and deed taken to Williams, but Williams and Jackson paid the $300 to the sheriff.

7. That H. W. Williams conveyed said land to Joseph Peeples for $500 cash paid and $500 deferred purchase money, immediately after the purchase from the sheriff by Williams, and the said Peeples took possession of said land and has held and used it ever since.

8. That at the time of the institution of said suit of McClintic & Proctor v. John E. Roller, and for some time prior thereto, to-wit, since January 1, 1890, Stephen and William Holley were in possession of said land under a written memorandum or deed signed by the said Roller, under which Roller had sold and conveyed to the Holleys the said tract of land for $1140 purchase money, with interest at ten per cent per annum from January 1, 1891, until paid, and for their purchase money the said Holleys executed to the said Roller the identical bonds sued on in this case; and the deed from J. E. Roller to the Holleys was not on record in Limestone County at the time of the institution of the suit of McClintic & Procter v. J. E. Roller, and prior to the time that Roller made a deed to said land to the Holleys, they, the said Holleys, had been tenants of J. E. Roller, and McClintic & Procter had no notice of the actual relation of the Holleys to the said Roller at the time of the institution of the suit.

It is now the settled law in Texas that service in another State upon a resident therein will not support a mere personal judgment against him. York v. State, 73 Texas, 351; Kimmarle v. Railway, 76 Texas, 686; Maddox v. Craig, 80 Texas, 600, which cases follow the case of Pennoyer v. Neff, 95 U. S., 723. But this rule does not apply to suits brought to recover debts secured by liens, where the object of the suit is not only to recover a debt, but to foreclose the lien on land in this State, and to obtain jurisdiction to foreclose the lien, it is not necessary to attach the land. Battle v. Carter, 44 Texas, 485; Hewitt v. Thomas, 46 Texas, 232.

Appellant, in the suit of McClintic & Procter against him, was served with notice, as required by law, on December 30, 1890, and he was notified to answer at the term of the District Court of Limestone

County which convened on January 5, 1891, and judgment by default was rendered against him on January 9, 1891. Appellant complains that he did not have sufficient time to appear and defend in that suit, and that the same was not due process, but in contravention of the Constitution and laws of the State of Texas and of the United States. There is no merit in this proposition. The statute (Sayles' Civ. Stats., art. 1228), which was in effect at the time appellant was served, guaranteed to defendants five days' notice before the first day of the return term, exclusive of the days of service and return. Appellant was given the statutory notice. If the court had jurisdiction to entertain the suit of McClintic & Procter against appellant, he would stand in the same relation to the statute that any other defendant would, and he cannot claim any special privileges because he lived in Virginia. The State of Texas having jurisdiction by reason of lien, had the authority to prescribe the manner of obtaining service. Battle v. Carter, 44 Texas, 485.

Stephen Holley and William Holley were in possession of the land in question when the suit of McClintic & Procter was instituted, and appellant insists that they have not received fair treatment at the hands of the court, which should have given them the right to pay off the debt due by appellant to McClintic & Procter. What right appellant has to complain of injustice done to the Holleys does not appear. He should have indicated his care and solicitude for their interests before the sale took place to satisfy the debt. It is too late for him to constitute himself the guardian of their interests. Whether the judgment in favor of McClintic & Procter affected the interests of the Holleys or not, it was certainly effective against appellant, and the wrongs that may have been perpetrated upon them cannot be used as a weapon of defense by appellant. They have not complained.

The judgment will be affirmed.　　　　　　　　　　*Affirmed.*